## WILLIAM TINDALL, appellant *v.* DANIEL MEEKER, appellee.

*Appeal from Madison.*

Appeals from the judgments of justices of the peace, must be tried in the Circuit Court *de novo.*

Where a judgment is rendered by a justice of the peace upon a note bearing interest, and an appeal is taken to the Circuit Court, in computing the amount due on the note, interest should be calculated upon on *the note* to the time of rendition of the judgment in the Circuit Court, and not on the *judgment.*

On appeal from a judgment of a justice of the peace, the Circuit Court should give judgment for the amount that may be due, although that amount may exceed the jurisdiction of a justice; provided the justice had jurisdiction at the time of the commencement of the suit. The rule is, if an inferior court has jurisdiction *ab origine*, no subsequent fact arising in the case, can defeat it.

Interest may be calculated at any rate that the parties may agree upon.

THIS cause was tried in the Circuit Court of Madison County, at the May term, 1834, before the Hon. Theophilus W. Smith.

J. SEMPLE, for the appellant.

J. B. THOMAS, Jr., for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

Meeker sued Tindall before a justice of the peace on two promissory notes, one bearing interest at the rate of twelve per centum per annum, and the other at the rate of twenty per centum per annum. On the trial before the justice, Meeker recovered a judgment for $92,25, being the amount of the principal and interest of the notes, at the time of trial, calculating the interest at the rates specified in the notes. To reverse this judgment, an appeal was taken to the Madison Circuit Court, where at the May term, 1834 (after a delay of sixteen months from the rendition of the judgment by the justice of the peace) a trial was had, and the judgment of the justice of the peace affirmed; and the Court in addition allowed $7,75 as interest, making the judgment in the Circuit Court amount to $100.

The Court, as appears from the bill of exceptions, in calculating interest, allowed interest on the notes from their respective dates, and according to the respective rates mentioned in said notes, up to the time of rendering judgment in the Circuit Court. The interest, at the rates specified in the notes, amounted with

L*

the principal to more than $100. The excess over that sum, was remitted by the plaintiff below. An appeal has been taken from the judgment to this Court, and the appellant assigns for error, 1st, That the Circuit Court allowed interest on a judgment of a justice of the peace, at a greater rate than six per cent. 2d. That if interest at the rate agreed on in the notes, was allowable, then the amount of principal and interest was over $100, and the Court could not give judgment.

In support of the first assignment of error, the act entitled "*An act regulating the interest of money,*"(1) is relied on. This act provides " that creditors shall be allowed to receive at the rate of six per centum per annum, for all moneys after they become due on any bond, bill, promissory note, or other instrument in writing, or any judgment recovered before any court or magistrate, authorized to enter up the same within this State, from the day of signing such judgment, until the effects be sold, or satisfaction of such judgment be made," &c. ;

" *Provided, always,* That nothing in this act contained shall be so construed as to limit the rate of interest, for the payment of which an express contract hath been made." To arrive at a correct understanding of the question how far this statute applies to the case under consideration, it is necessary first to ascertain the duty of the Circuit Court, in the trial of appeals from the decisions of justices of the peace? By the 34th(2) section of the "*Act concerning Justices of the Peace and Constables,*" The Court shall hear and determine appeals in a summary way, without pleading in writing, according to the justice of the case." And by § 35 of the same act, " The Court shall at any time admit such amendment of the papers and proceedings, as may be necessary to a fair trial of the case upon its merits." The construction put upon these sections, has uniformly been, that causes brought up by appeal from justices' courts, shall be tried *de novo;* and the judgment below furnishes no evidence to sustain the correctness of the decision of the justice. It consequently follows, that when the cause is tried in the Circuit Court, its decision not being controlled by the decision below, the judgment must be for whatever sum is proved to be due on the trial in the Circuit Court. The Court therefore decided correctly, that the plaintiff below was entitled to the amount of the notes, together with interest as agreed in the notes, to be calculated from their respective dates, at the expressed rates of interest, up to the time of rendering judgment in the Circuit Court. Had the defendant acquiesced in the judgment before the justice, then the plaintiff could only have collected six per cent. interest on the judgment, whether he proceeded by execution, or by action of debt on the judgment before any other court. " When a judgment is ob-

(1) R. L. 350; Gale's Stat. 344.        (2) R. L. 395; Gale's Stat. 410.

tained upon a contract, that contract ceases to exist, and is merged in the judgment, and the judgment is operated upon and controlled, not by the contract, but by the statute."(1) But when an appeal is taken from a justice's decision, the judgment becomes of no effect, as it is incumbent on the plaintiff to produce his evidence anew in the Circuit Court. It comports with reason and justice, that the plaintiff should recover all he proves to be due at the time of trial; and if part of the demand grows out of an express contract to pay more than six per cent. interest, he has by the terms of the contract a right to recover the interest until the note is paid, or until, by a judgment that is conclusive on both of the parties, it ceases to be a contract *inter partes,* and is merged in a contract by operation of law. The second assignment is equally untenable. When the action was commenced, and the judgment rendered by the justice, he had unquestionable jurisdiction of the cause. If an inferior court entertains jurisdiction of a case, and gives judgment, where by law such inferior court has no jurisdiction, the whole proceedings are *coram non judice* and void; and all acting under such void judgment would be trespassers. Now, can it for a moment be allowed, if no appeal had been taken, that the justice and constable would have been trespassers, if an execution had been issued on the judgment, and the defendant's goods taken and sold? To state the case is sufficient to show the unreasonableness of the proposition that the defendant by taking an appeal, and by subsequent delay in the Circuit Court, until the interest had accumulated so as to make the plaintiff's demand exceed $100, such subsequent accumulation should relate back and oust the justice of jurisdiction of a cause of which when adjudicated he had legal cognizance. The rule in such cases is, if an inferior court has jurisdiction *ab origine,* no subsequent fact arising in the case, can defeat it, when it was lawful in the inception. It has not been made a question whether the Circuit Court could, if the plaintiff had not remitted it, have given judgment for more than $100, yet had the Court done so, upon the principle here stated, that the Circuit Court ought to render judgment for such amount as appeared to be due, it would probably not have been erroneous.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

*Note.* The act of February 28, 1833, and which took effect April 1, 1833, limits the rate of interest which parties may agree upon to 12 per cent. per annum. R. L. 349; Gale's Stat. 343.

(1) Breese 52.