Dowling *v.* Stewart *et al.*

---

JOHN DOWLING, appellant, *v.* WILLIAM S. STEWART *et al.*, appellees.

*Appeal from Jo Daviess.*

Nothing is to be intended in favor of the jurisdiction of an inferior court, to extend it.

A fair construction of the term "debt" in the first section of the "*Act concerning Justices of the Peace and Constables,*" includes any demand for which the action of debt or assumpsit would lie.

An action of assumpsit may be maintained against the owner of a dray, for failing to deliver a hogshead of sugar which he was employed to convey for the plaintiff.

The statement of a claim made by a plaintiff, before a justice of the peace, and endorsed on the warrant, and entered on the justice's docket, concludes him. He can recover no more, unless the excess accrues by way of interest.

Interest cannot be recovered in an action against a drayman, for damages, for failing to carry a hogshead of sugar which he undertook to carry for the plaintiff.

The Supreme Court cannot remit an excess of damages, where that is the only error; but the cause must be remanded, for that purpose, to the Court below.

THIS cause was heard in the Court below, at the June term, 1841, before the Hon. Thomas C. Browne.

J. B. Thomas, for the appellant, cited 1 Chit. Plead. 436, and notes, *et seq.*; 2 Chit. Plead. 334, 452 ; 17 Johns. 145 ; R. L. 386, 390, § 1, 2, 9, 10 ; Jones *v.* Loyd *et al.*, Breese 174 ; Ellis *v.* Snider, Breese 263.

S. Strong, for the appellees.

Breese, Justice, delivered the opinion of the Court :

The question presented for the decision of the Court in this case, is as to the jurisdiction of a justice of the peace, under the following state of facts : Stewart & Brown brought their action before a justice of the peace of Jo Daviess county, against John Dowling, for the sum of $76.50, being the amount endorsed on the warrant, and entered on the docket of the justice ; and proved that Dowling was the owner of a dray, which he used in carrying goods for hire, in the town of Galena.     That a servant of his, with the dray, being employed to carry a hogshead of sugar, the property of Stewart & Brown, lost it, the hogshead having fallen from the dray into the river.     The demand sued for was founded on the alleged liability of Dowling for the loss.

The defendant, Dowling, on this proof, submitted h's motion to dismiss the cause, for want of jurisdiction in the justice of the peace, the suit having been brought into the Circuit Court by appeal, taken by Dowling, against whom a judgment had been rendered by the justice for $76.50, the amount claimed.     This motion was disallowed by the Circuit Court, and a bill of exceptions taken.     A jury was dispensed with, and the cause was tried by the Court, who found for the plaintiffs $86.14, for which a judgment was rendered, besides costs, being $9.64 more than the plaintiffs had claimed and recovered before the justice of the peace.

The case is brought here by appeal, and the decision of the Court sustaining the jurisdiction of the justice, and giving judgment for an amount greater than the plaintiffs claimed before him, are assigned as error.

It is a correct rule that nothing is to be intended in favor of the jurisdiction of an inferior Court to extend it ; and the exercise of it, in this case, must be sustained, if at all, under the first section of the "*Act concerning Justices of the Peace and Constables.*" (1)

That section declares that they shall have jurisdiction within their respective counties, to hear and determine all civil suits, for any debts or demands of the following description ; enumerating them, among which is this : " For any debt due upon a verbal contract or promise, for a valuable consideration, not exceeding one hundred dollars."

A fair construction of this section will connect the word " demand " with the several species of debts enumerated in it.     It was

(1) R. L. 386 ; Gale's Stat. 402.

the design to give justices jurisdiction in the cases enumerated, not, technically, as for debts, but as demands of the kind indicated. The proof in this cause shows that the plaintiffs' demand arose out of a verbal promise, by the defendant, to carry and deliver the hogshead of sugar, for a valuable consideration, not expressed, yet implied in law, as he carried for hire. The demand did not exceed one hundred dollars; it arose out of a verbal contract, and would be embraced in this clause of the statute, and we think is included within it.

The jurisdiction might also be sustained under the last clause of this section, which is as follows: "And for all debts [or demands] claimed to be due, not exceeding one hundred dollars, for which the action of debt or of assumpsit would lie." An action of assumpsit, declaring specially on the promise to carry and deliver, would undoubtedly lie, the plaintiffs being required to show nothing more than that they were ready to pay for the services when rendered.

Upon this second point, we understand that the statement of a claim made by a plaintiff, endorsed on the warrant, and entered on the justice's docket, concludes him. It may be likened to the statement of the claim of damages in a declaration, in the Circuit Court. The plaintiff cannot go beyond that, or recover by verdict and judgment, more than he thus claims; if he does, it is error, unless the excess is remitted. So, in this case, the verdict and judgment of the Court was for more than the plaintiffs claimed, the original amount not having been increased by interest accruing upon it; it not being a case in which interest could be recovered. In case of a note on interest, and in other cases where interest is demandable of right, an increase in the recovery, for that cause, would not be erroneous. These views are in harmony with those expressed in the cases of Tindall *v.* Meeker, (1) and Ellis *v.* Snider. (2)

This Court not having the power to remit the excess recovered over and above the amount of the plaintiffs' claim, the judgment must be reversed, and the cause remanded, with directions to the Circuit Court to award a new trial, unless the plaintiffs shall remit the excess.

The appellant here will recover his costs.

DOUGLASS, Justice, dissents from the opinion of the Court, as to the order to remit, believing that a new trial should be awarded; but concurs as to the jurisdiction.

*Judgment reversed.*

(1) 1 Scam. 137.                    (2) Breese 263.