GREENUP WILSON *et al.,* executors of Thomas Wilson, deceased, plaintiffs in error, *v.* HIRAM VAN WINKLE, defendant in error.

## *Error to Edgar.*

A. assigned a note made by B. to C. who instituted a suit against B. and recovered judgment thereon. B. filed a bill in chancery and obtained an injunction, staying proceedings on the judgment. C. answered the bill, and a final decree was rendered, rescinding the original contract and perpetually enjoining the collection of C.'s judgment. A. died, and C. filed an account against his estate before the Probate Justice for the money originally paid to A. for the note, and interest thereon, and after a trial by a jury, obtained a judgment, from which the executors appealed to the Circuit Court. On the trial of the appeal, the judgment of the Probate Court was affirmed: *Held,* that C. had used due diligence by appearing and defending the suit in chancery, and that in good faith, A. should have refunded to him the amount he paid for the note with legal interest.

A party cannot avail himself of the Statute of Limitations in the Supreme Court, where that defence was not pleaded or specially insisted on in the Circuit Court.

APPEAL from the decision of the Probate Justice of the Peace of Edgar county, on a claim filed by the defendant in error against the estate of the testator of the plaintiffs in error. The case in the Probate Court was tried by a jury on the 9th day of June, 1842, who rendered a verdict against the estate of $873·45, on which judgment was entered. The case was taken to the Circuit Court by appeal, and heard at the October term 1844, before the Hon. William Wilson, without the intervention of a jury, and by agreement of the parties, judgment was to be entered in vacation. On the 21st day of December, 1844, judgment was accordingly entered, affirming the judgment of the Probate Justice, and ascertaining the same, with legal interest, to be $1015·15.

The facts of the case are set forth in the Opinion of the Court.

*J. A. McDougall,* for the plaintiffs in error.

*A. Lincoln, J. J. Hardin & D. A. Smith,* for the defendant in error.

The Opinion of the Court was delivered by

TREAT, J. This suit was commenced before the Probate Justice of the Peace of Edgar county in June, 1842, by Hiram Van Winkle against the executors of Thomas Wilson, on an account as follows:

" To money paid Thomas Wilson for a note on
George Eller, $450,                                        $395
with its interest, amounting in the whole, principal
and interest, to                                         $1000"

There was a trial before a jury, a verdict in favor of Van Winkle for $873.45, and a judgment thereon. The executors took an appeal to the Circuit Court, where the cause was heard by the Court, and a judgment rendered in favor of Van Winkle for $1015·15, on the 21st of December, 1844. The executors excepted to the final decision of the Court, and embodied the testimony in a bill of exceptions. They now prosecute a writ of error.

The first assignment of error is, that the Court erred in rendering judgment against the executors. To determine this correctly, the evidence must be examined. It appeared that on the 11th of March, 1816, George Eller made a promissory note to Wilson for the sum of $450, payable on the 15th of October, 1818, which note Wilson assigned to Van Winkle on the 29th of October, 1818. In February, 1819, Van Winkle instituted an action against Eller, and at the July term 1819, recovered a judgment therein for the amount of the note and interest. During the same term, Eller filed a bill in chancery against Van Winkle and Wilson, alleging that the note was given in consideration of a tract of land purchased of Wilson, to which Wilson had no title, and praying that the contract might be rescinded, and the judgment enjoined. Eller obtained an injunction staying proceedings on the judgment. Van Winkle, in his answer to the bill, insisted that he was the assignee of the note for a valuable consideration, and denied all fraud. Wilson, in his answer, distinctly recognized the assignment of the note to Van Winkle, and his right to the judgment. The cause was continued till April, 1835, when a final decree was entered,

rescinding the contract between Eller and Wilson, and perpetually enjoining the collection of Van Winkle's judgment. The foregoing facts appear from the records of the proceedings in the common law and chancery cases, which were read in evidence without objection. The depositions of two witnesses were read in evidence without objection. One of the witnesses deposed to a conversation between Wilson and Micajah Van Winkle, in the spring of 1837, respecting the Eller note. Wilson employed Micajah to prosecute a suit against one Dibrell, and promised that the proceeds thereof should be applied to the payment of the claim against him, growing out of the assignment of the Eller note. He admited the claim to be just. The other witness testified to a conversation respecting the Eller note, between Abraham Van Winkle and Wilson, in the spring of 1839, in which Wilson said the claim was just; that the amount to be realized from the Dibrell suit should be credited on it, and he would then pay the balance. The Dibrell suit did not proceed to judgment, but abated in 1841, in consequence of the death of Wilson. This is the substance of all the testimony applicable to the case. The note was not read in evidence, nor its absence accounted for.

It is insisted, in the first place, that the judgment cannot be sustained, because the note was not produced on the trial. This suit was brought on the contract created by the indorsement of the note. The assignment was the foundation of the action. The indorsement was in writing, and on the back of the note. The note therefore furnished the best evidence of the contract between the parties. In actions of this character, if the assignee is held to strict proof, he is bound in the first instance to exhibit the note, or show a satisfactory excuse for not doing it. If he can establish the loss of the note, or his inability to produce it, he is then allowed to prove the contents of the note and indorsement by secondary evidence. In this case the primary evidence was dispensed with, and secondary proof admitted without objection. The question, therefore, is not as to the competency, but as to the sufficiency of the testimony; not whether the

Court erred in admitting it, but whether, when received, it proved the cause of action. Of this, there can be but little doubt. The existence of the note, and the assignment of it to Van Winkle, were clearly proved by the sworn answer and repeated admissions of Wilson. The contents of the note and indorsement were fully established by the records read in evidence. The records further showed that Van Winkle, in the exercise of reasonable diligence, could not collect the note of the maker. He prosecuted the note to final judgment, and when Eller filed the bill in chancery, he put in an answer well calculated to protect his rights under the judgment. No fault can be attributed to him. The failure to collect the note was occasioned by the act of Wilson, in selling land to which he had no title. This was made manifest by the decision of the chancery case. The note was successfully impeached in a proceeding against Wilson, which he contested for many years. In good faith he ought long since to have refunded to Van Winkle, the amount he paid him for the note with legal interest.

It is insisted, in the second place, that the claim was barred by the statute of limitations. It is a sufficient answer to this position to remark, that a party cannot avail himself of a defence of this character, without pleading it or specially insisting on it; and that the record in this case no where shows that the executors relied on such a defence in the Circuit Court. If they desired to set up such a defence, they should have interposed it in the Court below. It is too late to introduce it for the first time in this Court.

The second and last assignment of error is, that the Court erred in rendering a larger judgment in favor of Van Winkle than he claimed to recover. This assignment cannot be sustained. It is true the judgment exceeded the amount of the account filed before the Probate Justice; but the original demand bore interest up to the final decision of the case, and Van Winkle was entitled to recover it, notwithstanding it swelled the judgment beyond the amount he claimed when he commenced the suit.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*