**Pauline Roessler Kremser, Guardian, and Federal Union Surety Company, Appellees, v. Meeker-Magner Company et al., Appellants.**

**Gen. No. 22,924.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. PETER C. WALTERS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed December 21, 1917.

## Statement of the Case.

Action by Pauline Roessler Kremser, formerly known as Pauline M. Roessler, guardian of the person and estate of Fedora Roessler and Carl Roessler, minors, and Federal Union Surety Company, plaintiffs, against Meeker-Magner Company, a corporation, William A. Rogan and Thomas J. Magner, defendants,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in replevin, to recover possession of nine certain bonds and coupons thereto attached, upon nondelivery of which on the writ statement of claim in trover was filed by leave of court. From a judgment for plaintiffs, defendants appeal.

The plaintiff Surety Company, for which the defendant corporation was agent, signed as surety the bond of plaintiff guardian in the Probate Court, who deposited the bonds in question with the defendant corporation, taking its receipt therefor, which stated "to be held by us in connection with joint control," the joint control referred to being that of the guardian and the Surety Company. The bonds were stolen by one of defendant corporation's employees, and were recovered by the corporation after suit. The corporation claimed expenses and attorney's fees incurred in recovering possession, and the right to hold the property until these were paid. Defendant Rogan was the corporation's attorney.

ELBRIDGE HANECY and WILLIAM A. ROGAN, for appellants.

HUTTMANN, CLOYES & CARR, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 322*—*when evidence is insufficient to show individual liability of defendants.* Evidence *held* insufficient to show cause of action against certain individual defendants, one an official of the defendant corporation and the other attorney for the latter, in an action of trover for conversion of certain property.

2. EVIDENCE, § 185*—*when conversation with one not agent inadmissible to bind another.* A conversation of plaintiff's attorney testified to by him with one defendant not an agent for another defendant, tending to show a cause of action against the latter, was inadmissible as against the latter.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. EVIDENCE, § 128*—*necessity of foundation for admission of copy of receipt.* A purported copy of a certain receipt was improperly received in evidence in the absence of proof to lay the foundation for its introduction.

4. APPEAL AND ERROR, § 1793*—*when judgment reversed as to all defendants.* A judgment in trover which is erroneous as to some defendants must be reversed as to all.