**Pauline Roessler Krumser, Guardian of Feodora and Carl Roessler, Minors, Appellant, v. Meeker-Magner Company, Appellee.**

### Gen. No. 25,513.

1. GUARDIAN AND WARD, § 18*—*what contract of guardian is improper.* Where bonds belonging to a ward were stolen, neither the guardian nor a surety company could, without the consent of the court, contract with the defendant to undertake the recovery of the bonds and give the defendant a lien for such services rendered; and an allowance for such services in a judgment in an action against defendant for conversion of the bonds was erroneous.

2. JUDGMENT, § 204*—*when amount of judgment may exceed amount claimed.* While the general rule is that the amount of the judgment may not exceed the *ad damnum*, it is not error to include in a judgment rendered the amount of interest which has accrued thereon after the commencement of the suit, where such interest accrues by virtue of a statute, even though its allowance swells the judgment beyond the amount claimed in the pleading.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed with finding of facts and judgment here. Opinion filed December 31, 1920. *Certiorari* denied by Supreme Court (making opinion final).

HUTTMANN, CLOYES & KLINGLER, for appellant.

WILLIAM A. ROGAN, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This case was in this court upon a former appeal, 209 Ill. App. 238, and an opinion filed therein October 9, 1917, wherein the facts are stated. A judgment in favor of the guardian and the surety company against three defendants was there reversed because held to be erroneous as to two defendants, and the cause was remanded. Thereafter the surety company, as coplain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiff, discontinued the suit, and it was prosecuted by the guardian, she dismissing as to the defendants Magner and Rogan. The cause was again tried before a court which found for the plaintiff guardian in the sum of $3,563.94, and entered judgment on the finding. The guardian appeals from the judgment claiming that the finding and judgment should have been for a larger sum.

She contended upon the trial and now insists that she was entitled to a judgment for the face value of the bonds and coupons, with interest thereon, from the date of the conversion, which is fixed as February 1, 1916, the date upon which she demanded the bonds. Propositions of law were submitted by the parties. At the request of the plaintiff the court held that if if found from the evidence that Meeker-Magner Company had the bonds in its possession or under its control, and the plaintiff then demanded them, and that Meeker-Magner Company failed or refused to deliver them to plaintiff on such demand, this failure or refusal amounted to a conversion; that if the bonds were purchased with the proceeds of the estate by the guardian, then the bonds were the property of the wards, and the guardian was authorized by the statute to demand and sue for them; that the burden of proof was on the defendant to establish that, at the request of the surety company, it undertook the recovery of the bonds when the same were stolen, and that the surety company agreed to reimburse defendant therefor.

But the court refused to hold, as requested by plaintiff, that under such facts Meeker-Magner Company would not have a lien on the bonds for the expenses incurred, and refused to hold that the defendant was not a gratuitous bailee, or that the delivery of the bonds to Meeker-Magner Company or the surety company by the guardian was wrongful, or that Meeker-Magner Company had no lien even if expenses in-

curred were at the request of the surety company.

The court also refused to hold, as requested by plaintiff, that the measure of damages was prima facie the face value of the bonds and coupons, plus legal interest from the date of conversion, but modified the same so as to read: "The court holds that if it finds for the plaintiff, the measure of damages is prima facie the face value of the bonds and coupons plus legal interest thereon from the date of conversion, *allowing, however, the defendant in mitigation of damages any claim connected therewith which defendant held at the time of the conversion alleged.*"

The court at the request of the defendant held that it was necessary for the plaintiff to make a demand upon the defendant for the return of the property in order to maintain action in replevin and trover, but refused to hold that the bonds never became the property of the wards, or that the plaintiffs and defendants entered into a gratuitous contract of bailment, that defendant exercised all necessary care and caution, and was not liable for the loss of the property in question as a result of the theft of the same, but modifying proposition No. 4 submitted by the defendant, by striking out the word "gratuitous" held that defendant was a bailee of the property in question, "and under the circumstances of this case and the relationship existing between the parties at and about the time of the theft of the property in controversy, and prior thereto, it was proper for the defendant to take all such steps as were reasonably necessary to secure a recovery of the property in controversy, and the defendant having made outlays and incurred expenses for the purpose it is entitled to reimbursement from the plaintiffs for its outlays and expenses so made, and the court further holds that the defendant having recovered said property in question as a result of the steps so taken and the outlays so made, the defendant is entitled to retain and withhold said

property from the plaintiffs as against the claim of the plaintiffs therefor, until the plaintiffs shall have paid and discharged the lien and claim of the defendant thereon for the amount of the outlays and expenses made by the defendant as proven herein.''

These propositions are somewhat startling in view of the finding of the court that:

''The court finds the defendant Meeker-Magner Co. guilty of having maliciously, wilfully and intentionally, and with intent to injure and defraud the plaintiff, converted to defendant's own use the property of the plaintiff, as alleged in plaintiff's statement of claim * * * .''

Many points are argued in appellee's brief tending to question the right of the plaintiff to recover, which we are unable to consider, for the reason that no cross errors have been assigned. We are, therefore, limited in our review of the case to the errors assigned and argued by appellant, all of which question the propriety of the holding of the court in the different propositions of law submitted, that defendant was entitled to have deducted from the amount of damages allowed the sum necessarily incurred in recovering the property when it was stolen.

We think it is apparent, in view of the finding of fact as above set forth to the effect that it was a malicious conversion, etc., that these propositions of law as held were clearly erroneous as applied to such facts.

We also think that whatever may be the rights of defendant as against the surety company, whose agent it was, and at the request of which it acted, and irrespective of whether the surety company was or was not a gratuitous bailee, the defendant could not by contract with that company, or by a contract made with the guardian without the consent of the court, obtain legal right to the possession of these bonds, for the reason that the guardian was a trustee ap-

pointed by the court, and that she had no right to give, and neither the surety company nor the defendant could legally take, the control, possession or management of the property of this estate out of the guardian's hands. *Poultney v. Randal,* 9 Bosw. (N. Y.) 232; *In re Wood's Estate,* 159 Cal. 466; *Forsyth v. Woods,* 11 Wall. (U. S.) 484.·

We think neither the surety company nor the guardian herself could give the defendant a lien on this property under the circumstances disclosed by this evidence.

We think the court erred in making these deductions from the damages allowed.

A rehearing was granted in this case on the petition of appellee, Meeker-Magner Company, because of some doubt on the point therein made, that it was error for this court to enter judgment for an amount larger than that claimed in plaintiff's declaration or statement of claim filed in the municipal court. That the general rule is that the amount of the judgment may not exceed the *ad damnum* of the declaration it must be conceded is established by the cases *Taylor v. Richman,* 87 Ill. App. 419, citing *Hichins v. Lyon,* 35 Ill. 150; *Altes v. Hinckler,* 36 Ill. 275; *Kelley v. Third Nat. Bank of Chicago,* 64 Ill. 541.

Appellant in her reply calls our attention to the fact that the excess of the judgment is for interest which accrued after bringing the suit; that her right to such interest from the time of conversion of the property to the date of judgment is statutory, *Illinois Cent. R. Co. v. Cobb, Blaisdell & Co.,* 72 Ill. 152, and claims that she is entitled to judgment for such interest, notwithstanding its allowance swells the judgment beyond the amount claimed in the statement of claim, which in this case was a common-law declaration in trover. There seems to be some basis for this contention. Thus in *Pierson v. Finney,* 37 Ill. 29, one of the cases upon which petitioner relies, it is

said: "There is a judgment for the sum of $1,845.72, *and not increased to that sum by accruing interest,"* which would seem to imply the court would have held such interest might be included, although, by so doing, the judgment would be made larger than the damages claimed in the pleadings.

In a line of cases it is also held that on appeal from a judgment entered by a justice of the peace, the plaintiff may have judgment for a larger amount than was indorsed on the summons at the commencement of the suit where such excess is interest which has accrued pending the suit. *Tindall v. Meeker,* 2 Ill. (1 Scam.) 137; *Dowling v. Stewart,* 4 Ill. (3 Scam.) 193; *Wilson v. Van Winkle,* 7 Ill. (2 Gilm.) 684; *Welch v. Karstens,* 60 Ill. 117. In *Gradle v. Hoffman,* 105 Ill. 156, it was held not error to enter judgment for an amount greater than was claimed in the affidavit of merits, where the excess was made up of interest on the claim, which had accrued after the affidavit was made. See also *Layman v. Detharding,* 106 Ill. App. 594.

The exception to the general rule for which appellee contends seems to us reasonable, and we are disposed to hold that it is not error to include in a judgment rendered the amount of interest which has accrued thereon after the commencement of the suit, where such interest accrues by virtue of the statute, even though its allowance swells the judgment beyond the amount claimed in the pleading.

The judgment will accordingly be reversed and judgment will be entered here for $6,106.72, which will include interest at the rate of 5 per cent per annum, from the 6th day of February, A. D. 1916, the date on which suit was filed, to the 31st day of December, A. D. 1920.

*Reversed with finding of facts and judgment here.*

BARNES, P. J., and GRIDLEY, J., concur.

Finding of facts. We find that on February 1, 1916, the plaintiff, Pauline Roessler Krumser, as guardian of the persons and estates of Feodora and Carl Roessler, minors, was the owner of and entitled to the possession of certain bonds, numbered 36, 37, 38, 39, 40, 41, 42, 43 and 44, made by Jacob S. and Minnie Rosenberg, bearing date April 24, 1911, for the sum of $500 each, payable to bearer 5 years after date, with interest at 6 per cent per annum, payable semiannually, together with 27 coupons of the face value of $15 each representing instalments of interest. That on said date she demanded possession of the same from the defendant-appellee, Meeker-Magner Company, a corporation; that on said date said Meeker-Magner Company, having possession of said bonds and coupons, wrongfully refused to deliver the same to said plaintiff-appellant, and that the said Meeker-Magner Company thereby wrongfully converted the said bonds and coupons to its own use, claiming a lien thereon; that the said Meeker-Magner Company did not have at that date any lien upon said bonds and coupons, or any right to retain possession thereof under the evidence; that said plaintiff is entitled to recover from the defendant, Meeker-Magner Company, the face value of said bonds and coupons on said 1st day of February, 1916, $4,905, together with interest thereon from February 6, 1916, to December 31, 1920, at the rate of 5 per cent per annum, amounting to the further sum of $1,201.72, and making a total sum of $6,106.72, for which total sum the said plaintiff is entitled to judgment.