JABEZ C. PIERSON AND JAMES PIERSON

*v.*

THOMAS J. FINNEY.

1. VENUE—*change of, petition unnecessary—ordered by consent.* The venue in all cases can be changed by consent, without a petition to the court.

2. JUDGMENT—*must not exceed ad damnum.* When, in an attachment suit, the affidavit states the sum to be due at fifteen hundred and 35-100 dollars, and the declaration in the conclusion claims damages for one thousand five hundred and fifty dollars, and a judgment is rendered for one thousand eight hundred

and forty-five 72-100 dollars, and not increased to that sum by running inter-
est, such judgment is erroneous, and will be reversed on appeal or writ of
error.

APPEAL from the Livingston County Circuit Court; the
Hon. CHARLES R. STARR, Judge, presiding.

This was an action of assumpsit brought in the Circuit
Court of McDonough county, by attachment. The declara-
tion was filed in that court, and by its order, the venue was
changed to Livingston county, on motion of the plaintiff.

The affidavit for the attachment stated the debt to be due
from the defendants, at fifteen hundred and forty-six dollars
and thirty-five cents. The declaration in the conclusion
claimed damages to one thousand five hundred and fifty dol-
lars.

The defendants, in the Livingston Circuit Court, entered
their motion to strike the case from the docket, for the rea-
son that the change of venue was not properly taken. This
motion was denied and the defendants excepted, and on trial by
a jury a verdict was found, and a judgment entered against
them for the sum of one thousand eight hundred and forty-
five dollars and seventy-two cents, and costs.

From this judgment the defendants took this appeal.

Mr. T. LYLE DICKEY, for the appellant, made the point that
it was irregular to change the venue, except in cases provided
for by the statute, and the record ought to show affirmatively,
that a case under the statute had occurred.

He also insisted it was erroneous to render judgment for
more than the amount claimed in the declaration, and that
the error could not be cured after error brought or appeal
taken.

Mr. JAMES FLETCHER and Mr. CHESTER KINNEY for the ap-
pellee, contended that as there was a number of counts in the
declaration, claiming in the aggregate more than three

thousand dollars, it was no error to give judgment for more damages than were claimed in the conclusion, citing *Rowley* v. *Berrian*, 12 Ill., 202; *Palmer* v. *Logan*, 3 Scam. 56; *Henry* v. *Loazef*, 5 Blackford, 273.

Upon the question of the jurisdiction of the Livingston Circuit Court, they said the record showed that both parties consented to a change of venue, and that it was authorized by the statute.

Mr. JUSTICE BREESE delivered the opinion of the court:

The first objection taken in the case, that a change of venue was ordered on motion of the plaintiff, without any cause assigned, is not tenable, for the record shows the change of venue was by consent. It is competent for parties, at any and all times, to change the venue of a cause by consent, without any petition to the court or other proceeding than having the consent entered of record.

There is, however, one error in the record which must be fatal. The declaration is in assumpsit, wherein the damages claimed are laid at one thousand five hundred and fifty dollars, and there is a judgment for the sum of one thousand eight hundred and forty-five 72-100 dollars, and not increased to that sum by accruing interest.

The affidavit for the attachment states the sum now due as fifteen hundred and fifty-six 35-100 dollars, and no more.

The rule is too well settled, that a party cannot recover beyond the damages laid in his declaration, no matter how many counts he may have in it. *Pickering* v. *Pulcifer et al.*, 4 Gilm., 79; *Rives* v. *Kumler*, 27 Ill., 202; *Wolcott, impleaded,* v. *Holcomb,* 24 ib., 331.

The judgment is reversed and the cause remanded.

*Judgment reversed.*