# *Ex parte* Hickey.

### *Application for Mandamus.*

1. *Constitutional law.* — Section 17 of the act to "establish the city court of Eufaula" contains no provisions not warranted by the subject of the act as expressed in its title; such an act necessarily including the jurisdiction to be conferred upon the court, the manner of its exercise, and the parties who may invoke it.

2. *Legislature ; what not exercise of judicial power by.* — The legislature may, without exercising judicial power, declare what causes "shall" entitle a party to transfer a case from one court to another of coördinate jurisdiction, so long as it leaves the ascertainment of such cause for judicial determination.

THIS was an application for a *mandamus* to compel the judge of the Ninth Judicial Circuit (Hon. H. D. CLAYTON) to transfer the trial of an indictment against petitioner pending in the circuit court to the city court of Eufaula. The facts

[Ex parte Hickey.]

upon which the application was based are set forth in the opinion.

TONEY & GOODE and J. M. BUFORD, for petitioner.

S. H. DENT, *contra.*

BRICKELL, C. J. — An indictment having been presented against the petitioner in the circuit court of Barbour county, at the fall term, 1874, during the term he applied for a change of venue, or, more properly speaking, a transfer of the cause, from the circuit court to the city court of Eufaula. The application was refused, and he now moves this court for a *mandamus* to compel the circuit court to make the order of transfer. The right to the transfer is rested on the seventeenth section of an act of the general assembly, approved February 14, 1870, entitled, "An Act to establish the city court of Eufaula," which declares "that whenever an indictment shall be pending in said city court against any person residing west of range twenty-eight (28) in Barbour county, upon application of such person, the venue in such case shall be changed to the circuit court of said county ; and whenever an indictment shall be pending in the circuit court of Barbour county against any person residing east of range twenty-seven (27) in said county, upon application of such person, the venue in such case shall be changed to the said city court." Pamph. Acts, 1869–70, p. 109. The petitioner averred his residence east of range twenty-seven in said county, and it was admitted, and thereupon claimed the transfer, which was refused. The sixth section of the act confers on the city court of Eufaula concurrent jurisdiction with the circuit court of Barbour county of all offences against the criminal law committed in said county. The venue of the offence charged against the petitioner was the county of Barbour. Though the statute speaks of a change of venue, it is not strictly speaking a change of venue, but, preserving the venue, a change from one court to another of equal and concurrent jurisdiction. The statute is mandatory ; it commands the transfer to be made, when the application is made and the fact of residence exists. Nothing is left or permitted to judicial discretion, the fact being ascertained.

It is insisted, however, the statute in this respect is unconstitutional. The constitutional provision supposed to be offended is the clause of the second section of the fourth article, which declares, "each law shall contain but one subject, which shall be clearly expressed in its title." The title of the act under consideration is, "An Act to establish the city court of Eufaula." The subject of the act necessarily embraces the

jurisdiction which the court established shall exercise, the parties who can invoke, or who are subject to that jurisdiction, and the mode in which the jurisdiction shall be called into exercise. The court would be powerless, and it would be valueless to the community, unless these were defined with more or less particularity in the law of its creation. The degree of particularity which shall be observed in their definition rests in legislative discretion. The constitutional mandate is obeyed when the title expresses the subject and no provisions incongruous therewith are incorporated in the body of the statute. As was said by this court in *Ex parte Pollard* (40 Ala. 99), " the object of the constitutional provision was to prevent deception by the inclusion in the bill of matter incongruous with the title. The evil contemplated was not the generality and comprehensiveness of titles. Those faults do not tend to mislead or deceive." Whenever there is a natural and proper relation of the provisions embodied in a statute to the subject expressed in the title, the Constitution is not violated. We cannot conceive of a case in which such relation more clearly exists than in the provisions of the statute under consideration. A court is established having concurrent jurisdiction with another in the same territorial limits. That convenience of parties and witnesses, and a more efficient administration of the law, would often be promoted by the transfer of causes from the one court to the other, would naturally suggest itself to the legislative mind, and a provision therefor would almost of necessity be incorporated in the statute creating the last court. We do not doubt the statute in this respect is strictly constitutional.

It is said, however, the legislature in this section assumes judicial power ; that it determines what fact shall authorize the transfer provided for, and *commands* the transfer, leaving nothing to judicial discretion. It is sufficient to say that it is within legislative competency to declare on what ground a party may elect a transfer of his cause from one court to another of equal and coördinate jurisdiction; and that when the election is made, judicial power is exercised in determining the fact of such election, and the existence of the ground on which it is based. All laws are commands addressed as well to judicial tribunals as to individuals, and obedience is exacted from the one as well as the other.

The petitioner was entitled to the transfer of his cause as prayed for, and the circuit court erred in refusing to grant it. The issue of a rule *nisi* has been waived; and a consent filed that a peremptory *mandamus* should issue, if such was the opinion of this court, the peremptory *mandamus* must therefore issue, as prayed for by the petitioner.