[*Ex parte* Rice.]

# *Ex parte* Rice.

## *Application for Mandamus.*

1. *Transfer of a cause from one court to another by consent.*—Parties to a suit may transfer a cause from one court to another court of concurrent and co-equal jurisdiction of the subject matter of the suit by consent expressed in open court and entered of record.

2. *Same; waiver of objection.*—When, by consent of the parties entered of record in a city court, a cause is transferred from said court to the circuit court, which has concurrent jurisdiction of the subject matter, and the parties appear in the circuit court, and for two successive terms continuances of the cause are granted without objection, such transfer is binding, though the statute provides another manner for transfer of such causes, and though there may have been error or irregularity in the transfer as made; the neglect of the party having the right to raise the objection to assert such objection within a reasonable time being a waiver thereof.

3. *Recitals in a record; conclusive upon parties.*—The recitals in the records of a court import absolute verity, are incapable of contradiction by parol evidence, and all parties to the cause are estopped from denying their truth.


Mattie J. Rice, as administratrix of of D. S. Rice, deceased, filed a petition in the Supreme Court asking the court to grant a rule *nisi*, directed to the Hon. John R. Tyson, Judge of the Second Judicial Circuit of the State, commanding him to show cause, if any he had, why a peremptory writ of *mandamus* should not issue from the Supreme Court, requiring him to dismiss and strike from the docket of said circuit court of Montgomery county, the cause of M. Kahn, surviving partner, against Mattie J. Rice, as administratrix of the estate of D. S. Rice, deceased.

[*Ex parte* Rice.]

The grounds of this petition, as alleged therein, were, that Schloss & Kahn brought suit in the city court of Montgomery, in which the petitioner, as administratrix of D. S. Rice, deceased, was the sole defendant; that a judgment was rendered in said city court of Montgomery, March 7, 1889, which judgment was reversed on appeal to the Supreme Court, and the cause was remanded to the city court for further proceedings therein; that at the October term, 1889, of the city court another trial was had, which resulted in a mistrial; that upon the death of L. Schloss, the city court ordered that the cause should proceed in the name of M. Kahn, surviving partner; that it was claimed by the plaintiff in this case, that at the January term, 1892, of the city court of Montgomery, the cause of M. Kahn, as surviving partner, against Mattie J. Rice, administratrix, &c., was transferred to the circuit court of Montgomery county, and that this was done by the consent of the parties to said cause. It was further alleged in said petition that there was no written agreement ever entered into or filed in said cause for the transfer of said cause to the circuit court, "but that the judge of the city court of Montgomery, having first obtained the verbal consent of the parties to said cause that the case might be transferred to the circuit court of Montgomery county, under the statute regulating such transfers, * * * did, *ex mero motu,* make an order attempting to transfer said cause from the city court of Montgomery to the circuit court of Montgomery county, when neither petitioner nor her counsel were present in court at the time; but the petitioner states that no verbal consent was ever given that the statute, regulating the transfer in such cases from the one court to the other, should not be fully complied with."

It was then alleged in said petition that the statute referred to as regulating a transfer of a case from the one court to the other, approved March 1, 1881, was never complied with, in that no agreement in writing for a transfer of said cause was ever filed with the clerk of the city court of Montgomery; that said clerk never made any certified transcript of any orders, minute, and docket entries in said cause, and never delivered any such transcript to the clerk of the circuit court; that the costs of said cause in the city court have never been paid; "nor

have any of the requirements of the said statute regulating such transfers ever been complied with in this case, except that the original papers in said cause were placed in the hands of the clerk of the circuit court of Montgomery county by the clerk of city court of Montgomery after the attempted order of transfer as hereinabove particularly set out ;'' and that at the January term, 1893, of the circuit court, the petitioner moved to strike the cause from the docket of said court, on the ground that said circuit court had never acquired jurisdiction thereof ; and this motion was overruled and denied.

In answer to the rule *nisi*, which was served upon him, the Hon. John R. Tyson, Judge of the Second Judicial Circuit, responded, that he admitted the truthfulness of all the allegations of the petition as to the bringing of the suit and the obtaining of judgment, the reversal of the same by the Supreme Court, and a mistrial upon the second trial of the case. He further answered that he had no knowledge as to whether there was a written agreement ever entered into or filed in the said cause for a removal of the same from the city court, nor any of the facts alleged in the petition in reference thereto. His answer further averred that it appeared from the records of the city court that at the February term, 1892, of the said court, on February 3d, 1892, an order was made and entered upon the records of the said court in said cause as follows : ''This day came the parties by their attorneys, and by consent this cause is transferred to the circuit court ;'' that said cause was entered upon the trial docket of the circuit court at the June term, 1892, and that on July 18, 1892, an order in said cause was made upon the dockets of the circuit court, as follows : ''Continued by defendant.'' The respondent further answered that at the January term, 1893, it appeared that the parties to said cause, appeared by their attorney, and on the application of said Mattie J. Rice, as administratrix, the defendant in said cause, an order was made by the circuit court, on January 20th, 1893, as follows : ''Continued by defendant on account of her sickness. This continuance granted on condition that defendant go to trial at next term.'' It was further alleged in the answer of of the respondent that at the June term, 1893, of said court, motion was made by the plaintiff to strike

43

said cause from the docket, and that this motion was overruled.

A. A. WILEY and GEORGE F. MOORE, for petitioner.— The jurisdiction of the city court of Montgomery over the cause involved in this proceeding could not have been taken away by the consent of the parties. This cause could be transferred from one court to another only in the mode and manner prescribed by the statute. *Haines v. Carpenter*, 1 Wood (C. Cr.) p. 268; *Hagan v. Lucas*, 10 Pet. 400; *Mallet v. Dexter*, 1 Curtis 178; *Shelby v. Bacon*, 10 How. 56; *Phoenix Ins. Co. v. Pechner*, 95 U. S. 183. The statute is mandatory, and the conditions provided therein must be complied with; otherwise the court to which the cause was transferred would not obtain jurisdiction.—*Ex parte Burton*, 100 Ala. 391; *Gower v. Howe*, 20 Ind. 297; *Haines v. Carpenter*, 1 Wood, 268; *Phoenix Ins. Co. v. Pechner*, 95 U. S. 183; *Armory v. Armory*, 95 U. S. 186; *Little Fork Gold Wash. Co. v. Keyes*, 96 U. S. 199.

ARRINGTON & GRAHAM and TOMPKINS & TROY, *contra*. The statute authorizing transfers from the city to the circuit court of Montgomery merely applies to transfers by the parties without an order of court. It has nothing to do with transfers made by the court with the consent of the parties in open court, as the record shows the order under consideration was.—Acts 1880-81, 268; Sutherland on Statutory Construction, §§ 447, 460.

But independent of the statute, the circuit court had jurisdiction of this case. The suit is one of which the circuit court had jurisdiction of the subject matter under the constitution and laws of the State. Having jurisdiction of the subject matter, it could acquire jurisdiction of the parties by their consent.—*Thompson v. Lea*, 28 Ala. 453; *Gager v. Gordon*, 29 Ala. 341.

The relator having appeared in the circuit court after the cause was docketed therein, and having twice obtained orders of continuance, gave to that court jurisdiction over her person and estopped herself to deny that the cause is rightfully on the docket of that court.—*Gager v. Gordon, supra; Hair v. Moody*, 9 Ala. 399; *Walker v. Cuthbert*, 10 Ala. 213; *Byrd v. McDaniel*, 26 Ala. 582; *Johnson v. Bell*, 71 Ala. 258; *Coltart v. Moore*, 79 Ala. 361.

BRICKELL, C. J.—It is conceded that the mode .prescribed by the statute, (Pamph. Acts, 1880–81, p. 268) , in which a cause may be transferred from the city court of Montgomery to the circuit court of the county, was not pursued. It was not contemplated or intended by the parties to observe the mode of procedure directed in the statute. A transfer by consent, expressed in open court, and entered on the minutes of the city court, was the mode they preferred and adopted, and of its efficacy, we see no reason for doubt. The city and circuit courts are of concurrent, co-equal jurisdiction of the subject matter of the suit, and sit within the same territorial jurisdiction. It is competent for parties, at any and all times, with the consent of the court exercising jurisdiction, whether the mode prescribed by statute is observed or not, to change the venue in civil causes, by consent expressed in open court, and entered of record.—*Pierson v. Finney*, 37 Ill. 29 ; *Aurora Fire Ins. Co. v. Johnson*, 46 Ind. 315 ; *Burnley v. Cook*, 65 Am. Dec. 79 ; *Gager v. Gordon*, 29 Ala. 341.

If there be error or irregularity in the mode in which the change is effected, the maxim, "consensus tollit errorem," applies. The parties induced the city court to part with its jurisdiction, transferring the *venue* for the trial to another court of plenary jurisdiction. By their own conduct they affirmed the existence of all facts essential to the jurisdiction of the latter court, and upon the affirmation, the court could not but act judicially.— *Railway Company v. Ramsey*, 22 Wall. 322. Consent can not confer jurisdiction it is true ; but it is jurisdiction of the subject matter, which is derived from the law, which parties may not by consent confer. When jurisdiction of the subject matter is conferred by law, jurisdiction of the person may be acquired by the acts or consent of the parties. There is a wide difference between conferring jurisdiction by consent, and consenting to something within the power of the court, deemed promotive of the convenience of the parties. The parties appeared in the city court, and by their consent, an order was entered transferring the cause to the circuit court. Thereafter, without objection, for two successive terms the parties appeared in the circuit court, and at each term, there was a continuance of the cause by the relator. If there had been error or irregularity in the

transfer, and of it the relator intended to take advantage, objection should have been made at the earliest opportunity. It is a fixed rule of all courts, that a party having cause to set aside any process or proceeding of this character, and he neglects to assert it within a reasonable time, having knowledge of the facts, the objection is waived.—Broom's Legal Maxims, 135.

The recital of the record of the city court, that the cause was by consent transferred to the circuit court; and the recitals of the record of the circuit court of the appearance of the parties, and of the continuance of the cause, are incapable of contradiction by parol evidence. They import absolute verity, and all parties to them are estopped from denying their truth—See *Deslonde v. Darrington*, 29 Ala. 92; Whart. Ev., §§ 980, 982.

Mandamus denied.