# Adcock v. The State.

## Indictment for Public Drunkenness.

1. *Constitutional law; statute to regulate practice and procedure in the Circuit Court of Clay county unconstitutional.*—The provisions of the Act approved December 13th, 1898, "To further regulate the practice and procedure of the Circuit Court of Clay county," whereby it was intended to deprive that court of jurisdiction to try indictments thereafter returned into that court, and to deprive that court of a grand jury except when the same should be ordered by the judge of said court prior to the convening of said court (Local Acts 1898-99 p. 196), are violative of Section 5 of Article VI. of the Constitution of 1875 (Constitution 1901, § 143) and are therefore inoperative and void.

APPEAL from the Circuit Court of Clay.

Tried before the HON. JOHN PELHAM.

The appellant in this case was indicted, tried and convicted of public drunkenness. The indictment under which the conviction was had was preferred by a grand jury organized by the circuit court of Clay County at the spring term of said court in 1904.

The only question presented by the record is whether the acts "To establish a county court for the county of Clay," (Local Acts 1898-9, p. 176) and "to further regulate the practice and procedure of the circuit court of Clay county, Alabama," (Local Acts 1898-9, p. 196) are repealed by the act passed at the last session of the legislature, purporting to repeal the acts above referred to, and other acts relating to the same subject.—Local Acts 1903, p. 255. Before the court convened no order was made by the judge summoning a grand jury as directed by section one of the act, "To further regulate the practice and procedure of the circuit court of Clay county," the judge acting upon the idea that this act was repealed by the act last referred to. The appellant filed a motion to quash the indictment, to transfer the cause to the

[Adcock v. The State.]

county court, and filed pleas in abatement, all upon the theory that the act of 1903 was unconstitutional in whole or in part entitling him to be tried in the county court under former acts.

The lower court overruled appellant's several motions and "overruled his pleas in abatement," thus holding that the act of 1903 was a valid enactment and repealed the former acts.

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State, cited *City Council v. B. & L. Assn.*, 108 Ala. 336; *Bradley v. State*, 99 Ala. 177; *State v. Davis*, 130 Ala. 148; *Riggs v. Brewer*, 64 Ala. 282; *Watson v. Kent*, 78 Ala. 602.

McCLELLAN, C. J.—In this case, the court holds that the provisions of the act of December 13, 1898, "To further regulate the practice and procedure of the circuit court of Clay county," whereby it was intended to deprive that court of jurisdiction to try indictments thereafter returned into that court and to deprive that court of a grand jury except when the same should be ordered by the judge of the court prior to the convention of the court, were violative of section 5 of article 6 of the Constitution of 1875, (Const. 1901, § 143) and are, therefore, imperative. It follows that the indictment in this case was returned by a duly constituted grand jury, and the circuit court had jurisdiction to try the defendant thereunder, notwithstanding the existence and statutory jurisdiction of the special county court of Clay county to try indictments transferred to it *by consent* from the circuit court (and also indictments returned into the county court by its own grand jury of course) under the act of December 13, 1898, creating said county court.

The judgment of the circuit court must, therefore, be affirmed.

Affirmed.

HARALSON, TYSON, DOWDELL, SIMPSON, ANDERSON and DENSON, J.J., concurring.