# The State *v.* Fuller.

## *Habeas Corpus.*

(Decided June 30th, 1906.    41 So. Rep. 990.)

1. *Habeas Corpus; Jurisdiction.*—The chancellor of the Northeastern Chancery Division, embracing the county of Elmore, has jurisdiction to try, and a petition for habeas corpus for one in prison in the penitentiary in Elmore County, is properly addressed to such chancellor, under Section 4317 of the Code of 1896.

2. *Same; Return of Writ; Where Returnable.*—Where a habeas corpus writ was granted by the Chancellor of the Northeastern Chancery Division, embracing the County of Elmore, and the writ was granted more than ten days before the time fixed by law for the holding of the circuit court in said County, the writ was properly made returnable before the Chancellor, and he had power to make it returnable to him at Anniston in another County.

3. *Same    Appeal; Certification of Transcript.*—Where writ of habeas corpus was returnable before the Chancellor of the Northeastern Chancery Division, at. Anniston, the cause was pending in the Chancery Court of Calhoun County, if pend-

[The State v. Fuller.]

ing anywhere, and a record certified on appeall by the Register in Chancery of that Court, and by the Chancellor, is sufficiently certified.

4. *Courts; County Court; Establishment; Validity of Statue.*—The fact that the act creating the County Court of Cleburne County (Acts 1896-7, p. 802) confers on said court the same jurisdiction and powers of the circuit court, does not render the same unconstitutional.

5. *Habeas Corpus; Questions Determinable.*—The defendant cannot complain that Section 31, Acts 1896-7, was violative of the constitutional provision and that the prosecution against him was not properly before the County Court, although no order was made by the Circuit Court transferring the cause to the County Court, but the cause was placed on the docket of the County Court, where the defendant and the solicitor agreed upon an attorney as special judge to try the cause in the County Court, and defendant pleaded to the indictment and was convictetd and appealed to the Supreme Court where the judgment was affirmed.

APPEAL from Calhoun Chancery Court.

Heard before HON. W. W. WHITESIDE.

Habeas corpus by Levi J. Fuller to obtain his release from the pentitentiary. From an order discharging petitioner from custody, the state appeals.

Agreed statement of facts:

"That on, to-wit, March 7th, 1896, Levi J. Fuller was indicted for murder in the first degree in the circuit court of Cleburne county, Alabama, a copy of the indictment against him being attached to the petition marked exhibit "A," and being a true copy; that the said Fuller was twice convicted and each time on appeal by him was reversed by the supreme court of Alabama and remanded back by the supreme court of Alabama to the circuit court of Cleburne county for a new trial ;that the offense with which said Fuller was charged was a felony and he was unable to give bail. That after and since the second reversal of said cause by the supreme court of Alabama, the same has never appeared on the circuit court docket of said county, but was transferred to the docket of the county court of said county, which was cre-

ated after the finding of the indictment against peti-
tioner ;that there is of record no order or certificate in
regard to the transfer of said cause from the circuit court
of Cleburne county to the county court of Cleburne coun-
ty.   That said cause was omitted or left off of the docket
of the circuit court after the passage of the act of 1896-7,
pages 814-815 and after that time was docketed on the
docket of the county court; that the clerk of the circuit
court and the clerk of the county court at that time were
one and the same person; that petitioner, Levi J. Fuller,
had no knowledge nor had his attorneys any knowledge
of the act of the clerk in transferring the said cause from
the circuit court into the county court until the said
cause appeared on the docket of the county court for
trial.   That on January the 18th, 1898, said Levi J.
Fuller was tried and convicted in the county court of
Cleburne county and was sentenced to the pentitentiary
for a period of thirty years, being tried and convicted
under the indictment found against him by the circuit
court of Cleburne county, the judgment entry and sen-
tence of the court being as set forth in the exhibit to the
original petition marked exhibit "B ;" that since the time
of his conviction and sentence and under and by virtue
of such conviction and sentence, the said Levi J. Fuller
has been and is now imprisoned at the state penitentiary
at Spigners, Alabama, in Elmore county, in said State,
by S. D. Fields as warden of said penitentiary.   That the
said county court of Cleburne county and the circuit
court of Cleburne county, Alabama, at the time of such
conviction and sentence had concurrent jurisdiction of
offenses committed in Cleburne county, and of offenses
similar to the one charged in the indictment against this
defendant ;that said Levi J. Fuller was represented by
attorneys in the trials before the circuit court of Cle-
burne county and the same attorneys in the trial before
the county court of said Cleburne county and was pres-
ent in person during each of said trials; that no objec-
tion was made by him or his attorneys to being tried by
the county court of Cleburne county; but upon the case
being called for trial he went to trial in the county court
of Cleburne county upon his plea of not guilty and the

[The State v. Fuller.]

question of the jurisdiction of said county court of Cleburne county was never raised by him and has never been raised until the filing of this petition. That after his conviction by the county court of Cleburne county and after his sentence by said court he prayed and took an appeal from said sentence to the supreme court of Alabama, and that in said court no objection was made by him or his attorneys to the jurisdiction of the county court of Cleburne county, and that said cause was affirmed by the supreme court of Alabama."

MASSEY WILSON, Attorney General, for State.—From the agreed statement of facts it appears that the petitioner was convicted in the county court of Cleburne county of murder in the second degree, and on an appeal, the case was affirmed in this court.—*Fuller v. State,* 117 Ala. 36. The judgment of affirmance in this court merged the judgment of the county court, and that judgment was no longer of force.—*Thompson v. Gray,* 84 Ala. 559; *Werborn v. Pinney,* 76 Ala. 291; *McArthur v. Dane,* 61 Ala. 539; *Roach v. Privett,* 90 Ala. 391, 24 Am. St. Rep. 819; *Tillis v. Prestwood,* 107 Ala. 618; *Ex parte State,* 94 Ala. 431; *Ex parte Henderson,* 84 Ala. 36; *Duncan v. Hargrove,* 22 Ala. 150; *Hassell v. Hamilton,* 33 Ala. 280; *Wilson v. Isbell,* 45 Ala. 142.

Conceding that the legislature cannot deprive the circuit court of jurisdiction to try indictments, and that the act in question is unconstitutional to that extent, it by no means follows that the judgment rendered against the defendant in the county court was void.—17 A. & E. Ency. of Law, 1054; *Harrison v. Harrison,* 20 Ala. 629; *Stanley v. Bank,* 23 Ala. 652; *Lampley v. Beavers,* 25 Ala. 534; *Gager v. Doe,* 29 Ala. 341; *Aderhold v. Anderson,* 99 Ala. 521; *Ex parte Rice,* 102 Ala. 671. Assuming all the propositions above asserted to be without merit, the defendant is still not entitled to an absolute discharge. The state has endeavored to give him a trial, and because of mistaken legislation or supposed valid legislation, the defendant has not had a trial, for this reason, there has been no discontinuance.—*State v. McFarland,* 121 Ala. 45.

[The State v. Fuller.]

H. D. McCARTY and H. D. MERRILL, for appellee.—The appeal in this case should be dismissed; first, because the transcript and certificate of appeal in said cause were made by a person not authorized by law to make the same. Second, the transcript and certificate were not made by the clerk of the court in which the record of the judgment appealed from should properly be. Third, said transcript and certificate were made by the register in chancery for Calhoun county, whereas, the judgment from which the appeal was taken was pending before the chancellor of the north-eastern chancery division, and said cause was properly pending in the chancery court of Elmore county; and the transcript and certificate of appeal should have been made by the register of the chancery court of Elmore county.—§ 4817, code 1896; § 4818; 31 A. & E. Ency. of Law, p. 240; *Kirby v. State,* 62 Ala. 51; 2nd Mayfield, pp. 689-690; 3rd Mayfield, p. 1193. The act conferring exclusive jurisdiction upon the county court of Cleburne county is unconstitutional. —Acts 1896-7, p. 814; *Adcock v. State,* 37 So. Rep. 919. This being true, on the defendant having been tried and sentenced by the county court of Cleburne county, defendant is entitled to an absolute discharge: first, because there has been a discontinuance of his cause upon the dockets of the Cleburne court.—*Ex parte Rives,* 40 Ala. 714; *Ex parte Holton,* 69 Ala. 168; *Ex parte Stern,* 104 Ala. 96. He is entitled to an absolute discharge for the further reason that he has been denied a speedy public trial.—*Ex parte, the State,* 76 Ala. 484; *Sampler v. State,* 138 Ala. 259. For cases analogous in principle we refer to the following: *State v. Stallmaker,* 2 Brev. 44; *In re McMicken,* 39 Kan. 409; *Nixon v. State,* 41 Amer-Dec. 601; *Ex parte Stanley,* 4 Nev. 113.

DENSON, J.—Section 4817 of the code of 1896 provides that a petition for habeas corpus when the person making it is confined in the penitentiary, must be addressed to the judge of the city court, or to the nearest circuit judge or chancellor. The petition in this case shows that the petitioner was confined in the peniten-

tiary at Spigners in Elmore county. We have no
trouble in reaching the conclusion that the petition was
properly addressed to the chancellor of the north eastern
chancery division which embraces the county of Elmore.
And, as the writ was granted more than 10 days before
the time fixed by law for the holding of the next term of
the circuit court to be held for Elmore county, it was
properly made returnable before the chancellor of that
chancery division, and he had the power to make it re-
turnable before him at Anniston.—Code 1896, § 4819.

There is no merit in the motion to dismiss the appeal.
The writ was made returnable before the chancellor at
Anniston; if it can be said of the cause that it was pend-
ing in any court, it was the chancery court of Calhoun
county, and the register in chancery of that county was
pro hac vice, the clerk for the purpose of making, cer-
tifying, and transmitting the transcript of the record.
The record is here certified by the register and also by the
chancellor.—Code 1896, § 4314. The case presented by
the record is rather a novel one and one not entirely free
from difficulty. The defendant was indicted at the spring
term, 1896, of the circuit court held for Cleburne county,
for the crime of murder. He was twice convicted in that
court, but the judgment of conviction was reversed each
time and the cause remanded. After the second reversal
the cause was transferred to the county court of Cleburne
county and was there tried in January, 1898; the defend-
ant was convicted the third time and sentenced to im-
prisonment in the penitentiary for thirty years. On ap-
peal the judgment of the county court was affirmed by
this court.—*Fuller's Case,* 117 Ala. 36, 23 South. 688.

The county court of Cleburne was created by an act of
the general assembly approved February 16, 1897.—Acts
1896-97, p. 802. The first section of the act confers on
the court the same jurisdiction and powers of the circuit
court. It is provided in the thirty-first section (page
814), of the act that at any time after the spring term,
1897, of the circuit court of Cleburne county, when any
person is confined in the jail of said county on a charge
of felony in the circuit court, and is not entitled to bail,

or is unable to give bail, said cause shall be transferred to the said county court, and the clerk of the circuit court shall transfer said cause and the same shall be tried in the county court as if the indictment therein had been returned into the county court in the first instance.

The petitioner was confined in the jail of Cleburne county and was unable to give bail. The cause against him was docketed by the clerk of the circuit court, who was ex-officio clerk of the county court, on the county court docket after the spring term, 1897, of the circuit court had been held, and not within 30 days before the succeeding term of the circuit court. Under the statute the duty of the clerk to so docket the case is made mandatory. The case was tried in the county court without any question being raised by the petitioner (defendant there) as to the jurisdiction of the county court to hear and determine the cause.

It is now insisted by the petitioner (appellee) that the part of the thirty-first section of the county court act heretofore referred to, is in conflict with section 5, of article 6, of the constitution of 1875 (section 143 Const. 1901), and, therefore, that its enactment was not within legislative competency . The case of *Adcock v. State*, 142 Ala. 30, 37 South. 919, is relied upon as supporting the contention. The act construed in the case of Adcock, is one entitled: "An act to further regulate the practice and procedure of the circuit court of Clay county, Alabama," and was approved December 13, 1898.— Acts 1898-99, p. 196. The first section provides: "That from and after the 1st day of March, 1899, no grand jury shall be drawn, impaneled and summoned for the circuit court of Clay county, except upon the order of the circuit judge of said court, such order must be forwarded to the clerk thereof, and filed by him at least twenty days before the first day of the term of said court, for which said grand jury shall be called. All indictments returned by such grand jury shall be immediately transferred by the clerk of said court to the county court of Clay county, for trial, and it shall take no order of the court to carry this provision into effect." A grand jury was organized

[The State v. Fuller.]

in the circuit court without the judge first making the order provided for by the act, and the indictment against Adcock was returned by such grand jury. Adcock moved that the cause be transferred to the county court, and pleaded in abatement of the indictment, and upon the ground that the grand jury was illegally organized. The circuit court overruled the motion and plea and tried the defendant. This court on appeal from the judgment of conviction, held that the provisions of the act of December 13, 1898, "whereby it was intended to deprive the circuit court of jurisdiction to try indictments thereafter returned into that court, and to deprive that court of a grand jury except when the same should be ordered by the judge of the court prior to the convention of the court, were violative of section 5, article 6, of the constitution of 1875 (constitution of 1901, § 143)." In the Adcock Case the transfer had not been made, and the state resisted the transfer and insisted on the trial going on in the circuit court. And it might be conceded that, if the defendant in the case at bar had raised the question in the county court and had there insisted that his case should remain in the circuit court, the county court would have been without authority to try the cause. It is not necessary, however, to determine that question here; nor is it necessary to determine whether the act in question infringes on the constitutional jurisdiction or right of the circuit court to try the cause if the question had been raised by the state as was done in the Adcock Case.—Ex parte Hickey, 52 Ala. 228. It was entirely within the legislative competency to create the county court and give it jurisdiction concurrent with the circuit court, and we do not doubt that it was also within legislative competency to provide, with the consent of parties, for the removal of causes pending in the circuit court to the county court, and vice versa.—Hickey's Case, supra; Adcock's Case, supra; Ex parte Rice, 102 Ala. 671, 15 South. 450. The county and circuit courts are of concurrent, coequal jurisdiction of the crimes of the kind charged in the indictment against the petitioner, and sit within the same territorial jurisdiction. The

record here, it is true, shows that there was no order of transfer made in the circuit court, and it must be conceded that the cause was placed on the docket of the county court by the clerk in pursuance of the terms of the act creating the county court. But the record affirmatively shows that when the cause was called for trial in the county court, it appeared that the presiding judge was incompetent on account of having been of counsel in the prosecution, and the prosecuting attorney and the defendant in person and by counsel in open court, agreed upon an attorney to act as special judge in the trial of the cause; that the defendant was arraigned in open court and pleaded a former acquittal of murder in the first degree, which plea was sustained by the record of the former trial of the circuit court, and was thereupon confessed by the solicitor; that the defendant was then put on trial on the indictment for murder in the second degree and pleaded not guilty. He was convicted, appealed to this court, and the judgment of the county court was affirmed. No question of the jurisdiction was raised until this petition was filed.

We have seen that the county court is a court having jurisdiction of the crime—the subject-matter—and by the course of conduct on the part of the defendant, and of the representative of the state, "the existence of all facts essential to the jurisdiction of the county court was affirmed, and upon the affirmation, the court could not but act judicially."—*Ex parte Rice,* 102 Ala. 671, 15 South. 450; *Railway Co. v. Ramsey,* 22 Wall. (U. S.) 322, 22 L. Ed. 823. As was said by Brickell, C. J., speaking for the court in *Ex parte Rice, supra:* "Consent cannot confer jurisdiction, it is true, but it is jurisdiction of the subject-matter which is derived from the law, which parties may not by consent confer. When jurisdiction of the subject-matter is conferred by law, jurisdiction of the person may be acquired by the acts of consent of parties." On the authority of that case we hold, that by the course of conduct which the record shows the petitioner pursued in the county court, that court acquired jurisdiction of his person and

he cannot now be heard to urge its lack of jurisdiction, or that the cause was not properly in that court.

We are at the conclusion that the chancellor should have denied the prayer of the petition, and a judgment will be here rendered setting aside the order made by the chancellor, and dismissing the petition.

Reversed and rendered.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.