[Ex parte O'Neal.]

# *Ex parte* O'Neal.

## *Mandamus.*

(Decided Feb. 4, 1908.   45 South. 712.)

1. *Statutes; Local Statutes; Notice.*—Under section 106, Constitution 1901, a notice of an intention to apply for the passage of a local act creating the city court of Andalusia (Local Acts 1907, p. 329) which stated that the act would establish the court and provide for the transfer of all misdemeanors and quasi criminal cases pending in the circuit court to the new court, and that the court to be originated should exercise current jurisdiction with the circuit and justice court in misdemeanor and quasi criminal cases, is sufficient.

2. *Courts; Jurisdiction; Statutes; Validity.*—The act conferring on the city court of Andalusia original and· exclusive jurisdiction of all misdemeanors committed in the county is not invalid under sections 143 and 144, Constitution 1901, as such courts are authorized by section 8 of the Constitution of 1901.

Original petition to the Supreme Court by Clant O'Neal for mandamus to compel the circuit judge of Covington county to transfer relator's cause to the city court of Andalusia.   Granted.

Foster, Samford & Prestwood, and Henry Opp, for appellant.   The whole question involved is whether the act creating the city court of Andalusia is violative of the constitution.   Construing sections 2 and 3 together, it will be observed that no attempt is made to take away any of the jurisdiction of the circuit court.   Under this view the writ should be granted.—*State ex rel. Wood,* 44 South. 635.

H. A. Pearce, pro se.   The act gives the city court of Andalusia exclusive jurisdiction and requires all misde-·· meanor cases pending in the circuit court to be transferred to such court, and hence, violates section 143, section 143, Constitution 1901.—*Adcock's Case,* 142 Ala.

30; *Carew v. Lillianthall*, 50 Ala. 44; 11 Cyc. 982; *Ex parte Roundtree*, 51 Ala. 45; *Dunbar v. Frazer*, 78 Ala. 521.

SIMPSON, J.—The relator, Clant O'Neal, was indicted in the circuit court of Covington county for assault and battery, and applied to said court to have his case transferred to the city court of Andalusia, under the act of the Legislature approved March 5, 1907 (Loc. Acts 1907, p. 329). The judge of said circuit court refused to transfer said case, making an order that said case would not be so transferred, but would be tried in said circuit court. Thereupon the said relator filed the petition to this court for a writ of mandamus to said circuit judge, requiring him to transfer said case in accordance with said act. The judge of the circuit, in answering the rule nisi, takes the position that said act of 1907 is unconstitutional, first, because the act varies from the notice given under section 106 of our Constitution; and, second, because the act gives to said city court exclusive jurisdiction of misdemeanors, thus taking from the circuit court the jurisdiction which the Constitution confers on it.

The notice states that said court shall be established, among other things, "providing for the transfer of all misdemeanor and quasi criminal cases, which are now or may hereafter be pending in the circuit court of Covington county, to said inferior court for trial therein," also "providing that said court shall exercise original and concurrent jurisdiction in and throughout said county with the circuit court and justice courts * * * in all misdemeanor and quasi criminal causes." **The** second section of the act provides that "said city court shall have and exercise, concurrently with courts of justice of the peace and the circuit court of said county, the

jurisdiction which is now or may hereafter be conferred upon and exercised by both or either of the said courts of said county in all misdemeanor" causes, etc. Section 3 provides that "said city court shall have and exercise original and exclusive jurisdiction of all misdemeanors committed in said county, as well as all misdemeanor cases which are pending in the circuit court of said county, at the time this act goes into effect, or that may hereafter be pending in said circuit court," and goes on to provide, among other things, that it shall be the duty of the judge of said circuit court, on the first day of the regular term, to make and enter upon the minutes an order directing the clerk to deliver all indictments in misdemeanor cases to the judge of the city court, and also that all subsequent indictments for misdemeanors shall be delivered to said city court, and that "upon such delivery the jurisdiction of the circuit court shall cease," and said city court shall try the same. It will be noticed that the act follows the notice in providing for concurrent jurisdiction, and, while the notice does not use the word "exclusive," yet it does state that said act shall provide for the transfer of all misdemeanor cases "which are now or may hereafter be pending in the circuit court" to said inferior court "for trial therein." In this particular, then, the substance of the act is stated in the notice.

Section 143 of the Constitution of 1901 provides that "the circuit court shall have original jurisdiction in all matters civil and criminal within the state, not otherwise excepted in this Constitution," and this court has held that an act which took away from the circuit court all jurisdiction in criminal matters, and conferred it upon another court, was violative of this constitutional provision in the Constitution of 1875.—*Adcock v. State,* 142 Ala. 30, 37 South. 919. The act which was passed

on in that case took away the jurisdiction, not only in misdemeanors, but also in felonies.—Loc. Acts 1898-99, p. 176. In a case passing upon an act providing for the transfer of misdemeanor cases from the circuit court to the county court at the close of each term, and that the jurisdiction of the circuit court should thereupon cease, and the county court have exclusive jurisdiction, and to try without a jury unless it was demanded by the defendant, while this court refers to the fact that the defendant waived a jury, yet it states: "But we place our decision on a broader ground," which is that, while one section of the Constitution provides for a jury trial in all criminal cases, yet section 9 of the Bill of Rights, as our Constitution then was, provides that "in cases of petit larceny, assault, assault and battery," etc., the General Assembly may dispense with a grand jury and authorize such prosecutions before a justice of the peace or other inferior courts, and states that "the framers of the Constitution must be understood as intending that such trials should be had, as trials before justices of the peace usually take place"; that is, without a jury.—*Connelly v. State,* 60 Ala. 91, 31 Am. Rep. 34. While it is true that in that case the court was dealing with the case of trials in an inferior court, coupled with a waiver of the trial by jury, yet the reasoning of the court is clear to the point that section 9 of the Bill of Rights was a qualification of the other section providing for a trial by jury in all criminal cases.

Section 8 of the Bill of Rights of our present Constitution is identical with section 9, Art. 1, of the Constitution of 1875; and it provides that no one shall be proceeded against for an indictable offense "otherwise than is provided in the Constitution; provided, that in cases of misdemeanor the Legislature may by law dispense with a grand jury and authorize such prosecutions and

proceedings before justices of the peace or such other inferior courts as may be. by law established." This is a plain proviso, which must be read in connection with every other section, committing to other courts jurisdiction of such offenses, so that section 143 would read: "The circuit court shall have original jurisdiction in all matters civil and criminal: provided the Legislature may provide otherwise as to misdemeanors." In other words this is a case "otherwise excepted in this Constitution." The intention of the Constitution makers is made more evident by the change that is made, in the Constitution of 1901, of the section relating to circuit courts. Section 6 of article 6 of the Constitution of 1875 provided that a circuit court should be held in each county, while section 144 of the Constitution of 1901 provides that "a circuit court, or a court having the jurisdiction of the circuit court, shall be held in each county," etc. Taking all of these provisions together, it is evident that our Constitution makers were not concerning themselves about the privileges of the circuit court, eo nomine, but intended merely that the people of each county should have either the circuit court, or some court with like powers and jurisdiction, before which their cases should be tried.

It would be a strange construction of our Constitution to hold that the circuit court can be dispensed with entirely in any county, and yet the Legislature cannot relieve the congested dockets of the circuit court, by providing that certain classes of cases may be taken from its dockets and tried in another court which is organized under the special powers conferred by another section of the Constitution. In a recent case, where the act creating a county court gave it all the jurisdiction of the circuit and chancery courts, and provided that immediately upon its organization all misdemeanor cases should be by the clerk transferred from the circuit court

16 R

docket to it, that all indictments thereafter found in the circuit court should be likewise transferred, and that felonies, where the prisoner was in jail without bail, should be likewise transferred, when no circuit court was to be held within 30 days (Acts 1896-97, pp. 802, 814, 815), this court refused to release on habeas corpus a prisoner who had been convicted of murder in the county court, and pretermitted the question as to whether the defendant might not have insisted on being tried in the circuit court.—*State v. Fuller*, 147 Ala. 164, 171, 41 South. 990. In our latest case, this court has held distinctly that an act identical with the one now before the court is not violative of the Constitution.—*State ex rel., etc. v. Wood*, 151 Ala. 514, 44 South. 635.

For the reasons which we have given in this opinion, we hold that the *Wood Case, supra,* was properly decided, and that the act now before the court is not violative of the Constitution.

The writ of mandamus will be issued in accordance with the prayer of the petition.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.