# Jones *v.* The State.

### Indictment for Assault with Intent to Ravish.

1. *Assault with intent to ravish; proof of force.*—To justify a conviction of an assault with intent to ravish, the evidence must show such acts and conduct on the part of the defendant as establish, beyond a reasonable doubt, his intention to gratify his lustful desires against the consent of the woman, and notwithstanding any resistance on her part; and this does not appear where the only evidence is the testimony of the woman, to the effect that, on passing him in the public road near a swamp, he put his hands lightly on her shoulders, followed her silently about sixty feet or more, making no threats or efforts to detain her, but made indecent proposals to her, when she turned around and asked what he wanted, whereupon she screamed and ran away, and he ran off in another direction.

FROM the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

VOL. XC.

[Jones v. The State.]

Indictment against Joseph Jones, a negro, for an assault with intent to commit a rape on the person of Mrs. Pritchard. The substance of the evidence is stated in the opinion of the court. The defendant requested the court to charge the jury, "that if they believed the evidence, they ought not to find him guilty of an assault with intent to rape;" also, "that under the evidence in this case, they can not find him guilty of an assault with intent to rape." The court refused each of these charges, and the defendant excepted to their refusal.

GREGORY L. & H. T. SMITH, for appellant, cited *Charles v. State*, 6 Eng. Ark. 389; *Simpson v. State*, 59 Ala. 10; *Lane v. State*, 85 Ala. 13.

WM. L. MARTIN, Attorney-General, for the State, cited *Washington v. Sate*, 63 Ala. 135; *Lewis v. State*, 30 Ala. 54; 35 Ala. 380.

CLOPTON, J.—Under the penal statutes of this State, when the female is not an imbecile, or is not rendered unconscious, or bodily weak, by the administration of any drug or other substance, or is not deceived by false personation of her husband, or is not under ten years of age, force is an essential element of the offense of rape.—Code, §§ 3736–3740; *Larkins v. State*, 58 Ala. 376. And on a charge of an assault with intent to commit rape, the evidence, to be sufficient to justify the conviction, should show such acts and conduct of the accused, that there is no reasonable doubt of his intention to gratify his lustful desire against the consent of the female, notwithstanding resistance on her part.—*Lewis v. State*, 35 Ala. 380.

The testimony of the woman, whose person the defendant is charged with intent to ravish, is the only evidence showing the facts and circumstances at the time. She testified that, as she was approaching a swamp, through which the public road runs, she passed the accused with a bucket in his hand, ostensibly engaged in picking blackberries; that after she had passed him some feet, and just as she stepped up on the south end of an elevated plank walk, which runs alongside the public road sixty or seventy feet, and when within a few feet of the edge of the swamp, she felt something like somebody putting his hands on her shoulders; that she heard no footsteps behind her, but just before she got to the north end of the walk, she turned, and saw defendant following very close, and asked what he meant; to which he replied, "stop right there," and gratify his desire, using language unfit to be

repeated; that she immediately screamed and ran north, and he immediately ran south. The defendant proved a good character.

In *Com. v. Merrill*, 14 Gray, 415, it is said: "The nature of the charge (assault with intent to commit rape) presupposes that the intent of the prisoner was not carried out. It is therefore necessary that the acts and conduct of the prisoner should be shown to be such, that there can be no reasonable doubt as to the criminal intent. If these acts and conduct are equivocal, or equally consistent with the absence of the felonious intent charged in the indictment, then it is clear that they are insufficient to warrant a verdict of guilty." In *Saddler v. State*, 12 Tex. Ap. 194, the evidence was, that the woman was sleeping under an arbor, and some time during the night the defendant woke her by pulling up her clothes, standing by her bed; that when she told him to leave, he stepped back a foot or two, looked at her, and said he would leave when he pleased; that she ordered him three times to leave, and he walked off, muttering something she did not understand. Wheeler, J., observes: "It must be conceded that, according to this testimony, the conduct of the defendant was highly improper, and, perhaps, sufficient to subject him to a conviction for an aggravated assault; but, however reprehensible his conduct, we are constrained to say that the testimony utterly fails to show any attempt on his part to employ any force whatever in the accomplishment of his purpose, whatever that may have been."

These decisions proceed on the well established rule in criminal cases, that the proof is insufficient to warrant a verdict of guilty, if the conduct of the accused is, upon a reasonable hypothesis, consistent with his innocence. If the evidence raises a mere suspicion, or, admitting all it tends to prove, defendant's guilt is left in uncertainty, or dependent upon conjecture or probabilities, the court should instruct the jury to acquit. The evidence should be of such character as to overcome, *prima facie*, the presumption of innocence. It appears that the defendant put his hands lightly on the woman's shoulders, followed her silently about sixty feet, making no threats, or effort to stop her, or attempting any coercion, or doing any thing calculated to put her in terror; and when she screamed and ran off, he ran in the opposite direction without attempting to detain her. These acts and conduct do not reasonably authorize the conclusion, that defendant intended to accomplish his purpose against her will, and by force, if necessary. They are consistent with the theory, that he expected to gratify his lustful desires with her

consent.　If the evidence be believed, it will be conceded that the conduct of the defendant was indecent and insulting, and subjected him to a conviction for an assault and battery; but it falls short of showing a felonious intent.　The general affirmative charges asked by defendant are restricted to acquittal of the specific felony charged in the indictment, and should have been given.—*State v. Massey*, 86 N. C. 658; *Charles v. State*, 6 Eng. 389; in which cases the evidence was stronger, and the circumstances more aggravating, than in the present case.

Reversed and remanded.