# CASES

IN THE

# COURT OF APPEALS OF ALABAMA

## NOVEMBER TERM 1911-1912

## Robinson *v.* The State.

### *Murder.*

(Decided Feb. 8, 1912.    58 South. 121.)

1. *Statutes; Local Acts; Notice; Sufficiency.*—Local Acts 1911, p. 63, had sufficient notice by publication of the intention to apply for its enactment, and the notice thereof sufficiently stated the substance of the proposed law within the constitutional requirements.

2. *Same; Title; Sufficiency.*—The title of Local Acts 1911, p. 63, sufficiently expresses the subject of the act, and the act is not defective for a failure of the title to indicate in what respect it proposed to amend the former act.

3. *Same; Amendment; Publication.*—Local Acts 1911, p. 63, sufficiently complies with section 45, Constitution 1901, in setting out the law as it is to be after the amendment without a repetition of it as it stood before.

4. *Charge of Court; Conformity of Oral and Written.*—A charge asserting that the jury should see that each written charge given by the court was considered in connection with the oral charge of the court, may be refused without error to reversal.

5. *Same; Witnesses. Credibility.*—A charge asserting that if the jury believed from all the evidence that a named witness swore falsely, as to any of the material facts, then the jury could disregard his entire testimony, had a tendency to lead the jury to believe that they were warranted in capriciously rejecting the entire testimony of the witness referred to, if they found that he swore falsely to any material fact, though they did not find that such statement was willfully false.

6. *Same; Credibility of Witness.*—A charge asserting that if the jury believe that it was possible under the evidence that a witness for the state was mistaken as to who fired the fatal shot, and the jury believed from other evidence that the defendant did not fire it, then they should acquit, was calculated to impress the jury with the fact that they would be authorized to reject a witness' testimony if they conclude that there was a bare possibility of his being mistaken.

1 CA

7. *Same; Character.*—A charge asserting that character is held in high esteem by the courts, and when a good character is proven by a defendant, it alone may generate a reasonable doubt as to defendant's guilt, and if the evidence is in conflict, such good character may be looked to alone in favor of the defendant, and he may be acquitted on the strength thereof, when taken in connection with all the other evidence, was misleading as calculated to impress the jury that they might consider the evidence of the defendant's good character by itself, independent of other evidence as furnishing a foundation for a reasonable doubt. Such charge also gave undue prominence to the particular evidence of character.

8. *Same.*—A charge asserting that if the good character proven was sufficient to generate in the minds of the jury a reasonable doubt of defendant's guilt without looking to any other evidence favorable to the defendant, and if the character evidence did generate such reasonable doubt, they should acquit, was properly refused.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Jim Robinson was indicted for murder in the first degree, convicted of murder in the second degree, and he appeals. Affirmed.

The defendant interposed the following objection to going to trial: Because the court had adjourned by operation of law, as the act passed by the last Legislature, changing the time of holding the court, was not published in a newspaper published in a county, as provided by the Coonstitution; and (2) that the act was not published in full as to the proposed amendment, as provided by the Constitution. Motion was interposed to quash the venire on the same ground, also to quash the indictment on the same ground; the grounds being very fully set out and gone into.

The following charges were refused to the defendant: (1) "I charge you gentlemen, that it is your duty to see that each written charge given you by the court was considered in making your verdict in connection with the oral charge given by the court." (3) "I charge you that, if you believe from all the evidence that Tom Garrett swore falsely as to any of the material facts, then you can, if you see fit, disregard his entire testi-

mony." (4) "I charge you, gentlemen of the jury, that if you believe it is possible under this evidence Tom Garrett was mistaken as to who fired the fatal shot, and you believe from the other evidence that Jim Robinson did not fire it, then you should acquit the defendant." (15) "I charge you, gentlemen of the jury, that a good character is held in high esteem by our court, and, when a good character is proven by a defendant in a criminal case, that it alone may generate a reasonable doubt of the defendant's guilt, and, if the evidence is in conflict such good character may be looked to alone in favor of the defendant, and he may be acquitted on the strength of such good character, when taken in conjunction with all the other evidence." (17) "I charge you, gentlemen of the jury, that there may have existed in your mind a belief that Jim Robinson, the defendant, fired the fatal shot that killed the deceased, and such belief might have existed in your mind until you heard the good character of the defendant proven, if proven, and such good character is sufficient to generate in your mind a reasonable doubt of his guilt, without looking to any other evidence favorable to the defendant, and, if such good character did generate such reasonable doubt, then it would be your duty to acquit the defendant."

R. G. ROWLAND, for appellant. The act in question is violative of section 45, Constitution 1901, in that it did not set out at length the section sought to be amended.—*State v. Rogers,* 107 Ala. 444; *Barnhill v. Teague,* 96 Ala. 227; *Ex parte Pollard,* 40 Ala. 77. Section 45 of the Constitution is mandatory.—109 Ala. 28; 82 Ala. 209. There is no repealing clause in said act, and hence, the original act is in full force and effect, and it was the duty of the court to recognize it in drawing the jury.—*Bates v. The State,* 118 Ala. 102.

Charge 1 should have been given.—*Martin v. The State,* 104 Ala. 79. Charge 15 should have been given.—*Scott's case,* 105 Ala. 57; *Goldsmith's case,* 105 Ala. 8; *Grant's case,* 97 Ala. 35. Charge 17 should have been given.— *Fields v. The State,* 47 Ala. 603.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and ROBERT O. GRAY, for the State. The act was not violative of section 45, Constitution 1901, as it is well settled that an act can be amended by reference to its title only.—*Tuscaloosa B. Co. v. Olmstead,* 41 Ala. 9; *Wilkinson v. Ketler,* 58 Ala. 306; *Gandy v. State,* 86 Ala. 20; *Montgomery v. Enslen,* 107 Ala. 372; *Bates v. The State,* 118 Ala. 102; *Lewis v. State,* 123 Ala. 84; *State v. Davis,* 130 Ala. 148; *Street v. Hooten,* 131 Ala. 492; *Bray v. State,* 140 Ala. 172; *Tallassee v. Toombs,* 157 Ala. 165. Charge 1 was properly refused.—*Prater v. The State,* 107 Ala. 26; *Hamilton v. The State,* 147 Ala. 110. Charge A was properly refused.—156 Ala. 81. Charge 3 was properly refused.—107 Ala. 106. Charge 16 was properly refused.—105 Ala. 60. Charge 20 was properly refused.—105 Ala. 60. Charge D was properly refused. —156 Ala. 81.

WALKER, P. J.—The question raised by the defendant as to the legality of the grand jury by which the indictment against him was found is based upon suggestions against the constitutional validity of the act approved March 3, 1911, which purports to change the times for holding the regular terms of the county court of Clay.—Local Acts 1911, p. 63.

The first of these suggestions is that the notice which was published of the intention to apply for that act did not "state the substance of the proposed law," as required by section 106 of the Constitution. The no-

tice, as it is set out in the record, stated that "application will be made to the Legislature of Alabama that meets January, 1911, for the passage of a bill, the substance of which is and will be to amend the act establishing a county court for the county of Clay, approved December 13, 1898, as amended March 2, 1901, and August 6, 1907, as follows"—here the notice sets out specifically the changes proposed to be made in the wording of sections 6 and 11 of the law so referred to. The notice sufficiently stated the substance of the proposed law within the meaning of the constitutional requirement above mentionad.—*Ex parte O'Neal,* 154 Ala. 237, 45 South. 712; *Ex pate Black,* 144 Ala. 1, 40 South. 133; *Wallace v. Board of Revenue,* 140 Ala. 491, 37 South. 321.

It is also suggested that the title of the act is insufficient in failing to indicate in what respect it proposed to amend the former statute of which it made mention. The bill contained but one subject, namely, the amendment of a former statute specifically referred to, and this subject was clearly expressed in the title. "The inclusion in the act of matters which are not mentioned in the title, but which are cognate to the subject expressed by the title, does not render the bill unconstitutional."—*Lewis v. State,* 123 Ala. 84, 26 South. 516.

There is no merit in the further suggestion that the parts of the former law which were proposed to be amended should have been set out in the amending act as they stood before they were amended. The requirement of section 45 of the Constitution that "so much thereof—that is, of the law revived, amended, etc.—as is revived, amended, extended, or conferred shall be reenacted and published at length," is sufficiently complied with when the statute which would affect some

previous statute or variant provisions applicable to the subject dealt with sets out the law as it is to be after its amendment or change, without a repetition or recital of it as it stood before.—*Town of Tallassee v. Toombs et al.,* 157 Ala. 160, 165, 47 South. 308; *Lewis v. State, supra; State ex rel, etc., v. Rogers,* 107 Ala. 444, 19 South. 909, 32 L. R. A. 520; *Ex parte Pollard,* 40 Ala. 98.

The refusal of the court to give written charge 1 requested by the defendant does not constitute a ground of reversal. It cannot be assumed that in the absence of such an instruction the jury would not give proper consideration to the written instructions which were given to them by the court at the request of the defendant.—*Turner v. State,* 160 Ala. 40, 49 South. 828.

It was a fault in charge 3 requested by the defendant, justifying its refusal, that under it the jury might have felt themselves warranted in capriciously rejecting the entire testimony of the witness referred to if they found that he swore falsely as to any material fact, though they did not find that such statement was willfully false, but was the result of a mere error of observation or of a faulty memory as to a detail, and did not fairly indicate that the witness was unworthy of credit.—*Hamilton v. State,* 147 Ala. 110, 41 South. 940; *Prater v. State.* 107 Ala. 26, 18 South. 238.

The refusal of charge 4 requested by the defendant was justified because it was calculated to convey the impression that the jury would be authorized to reject the testimony of a witness if they should conclude that there was a bare possibility of his being mistaken as to a material fact in reference to which he deposed.—*Bonner v. State,* 107 Ala. 97, 18 South. 226.

Charge 15 requested by the defendant was properly refused, as some, at least, of the expressions in it were

calculated to convey the impression . that the jury might consider the evidence of the defendant's good character by itself, independent of the other evidence, as furnishing a foundation for a reasonable doubt as to his guilt, and also because it gave undue prominence to the evidence on that subject.—*Scott v. State*, 105 Ala. 57, 16 South. 925, 53 Am. St. Rep. 10. Refused charge 17 is subject to similar criticism.

The refusal of other written charges requested by the defendant was justifiable on obvious grounds. The counsel for the appellant does not claim in his brief that they should have been given.

Affirmed.