# Harmon *v.* The State.

## *Keeping Gaming Table.*

(Decided May 20, 1913. Rehearing denied June 19, 1913.
62 South. 438.)

1. *Courts; Jurisdiction; Concurrent.*—Ordinarily where two courts have concurrent jurisdiction, the court first taking cognizance of the case will retain exclusive jurisdiction.

2. *Same.*—If either court mistakenly fails to transfer a cause under the provisions of sections 25 and 26, Acts 1900-1, p. 1886, the judgment is not void, but voidable only on direct attack.

3. *Same.*—Under the provisions of sections 25 and 26, Acts 1900-1, p. 1866, where a defendant gives bond or after giving bond, he is surrendered by his bondsmen, the city court of Bessemer, to which the process was returnable, has jurisdiction, and a motion to transfer was properly refused as the jurisdiction depends on the facts existing when it was invoked, and was not ousted by the surrender by the bondsmen, though it would have been originally grounds for transfer.

4. *Criminal Law; Arraignment.*—The calling of a case for trial, is the first step, and in a sense an arraignment of defendant, arraignment being defined to be the calling of the person to the bar of the court to answer the matter there charged against him.

5. *Witnesses; Cross Examination; Repetition.*—Where a witness had stated that he did not know a certain individual, and that neither that individual nor any other person had talked to witness about the case, it was not improper to sustain an objection to a question as to whether the named individual had talked to the witness about the case.

6. *Charge of Court; Argumentative.*—A charge asserting that certain officers had testified for the state, and that under the law greater care should be used in weighing that testimony because of the natural and unavoidable tendency of such person in procuring and stating evidence against defendant, was argumentative and properly refused.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

From a conviction of keeping a gaming table, Frank Harmon appeals. Affirmed.

Charge 1 was the affirmative charge.

"Charge 21. The court instructs the jury that certain officers have testified in this case on behalf of the

state, and that, under the law, in weighing their testimony, greater care should be used because of the natural and unavoidable tendency of such persons in procuring and stating evidence against the defendant."

MATHEWS & MATHEWS, and COWART & INGRAM, for appellant.   Under the facts in this case, defendant was entitled to have his case transferred and the court was in error in declining his motion.—Sections 25-26, Acts 1900-1, p. 1866; *Ex parte B. & A. R. R. Co.*, 145 Ala. 536; *Barbour v. State*, 151 Ala. 56.· The defendant was entitled to show that the witness had been talked to about the case.—*Prince v. State*, 14 South. 409.   The court was in error in refusing charge 21.—*Kastner v. State*, 58 Neb. 767; *Heldt v. State*, 57 Am. Rep. 835. The defendant was entitled to the affirmative charge.— 52 Ala. 313.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—By an act of the Legislature approved February 21, 1901 (Acts 1911-01, p. 1854), the city court of Bessemer was established to sit at Bessemer, and, in addition to a defined law and equity jurisdiction, it was given criminal jurisdiction of all felonies and misdemeanors committed within certain named precincts of Jefferson county, to be exercised concurrently therein with the criminal court of Jefferson county, sitting at Birmingham, whose territorial jurisdiction as to all such crimes extended, not only over the precincts named, but was coincident with the limits of the entire county.   It is a settled rule of law, designed to avoid conflicts between courts, that when two courts have concurrent jurisdiction over a particular subject-

[Harmon v. The State.]

matter, the one which first takes cognizance of a case falling thereunder will retain the jurisdiction throughout, to the exclusion of the other, and until final determination.—12 Ency. Pl. & Pr. pp. 151, 152. This general rule, however, which would otherwise obtain between these two courts, is modified or changed by sections 25 and 26 of the said act creating the city court of Bessemer; and therefore the question as to which court, the city court of Bessemer or the criminal court of Jefferson county, is to exercise jurisdiction in a particular case of an offense committed in territory common to the jurisdiction of both is to be determined by the provisions of said named sections, which were probably designed to secure in one instance the convenience of the defendant by providing that when he was out on bond he should be tried at Bessemer—probably because it was likely to be nearer his domicile—and in another instance the convenience of the sheriff, and to save the expense of removing the prisoner to Bessemer for trial, by providing that when defendant was not out on bond, but confined in the county jail, which was at Birmingham, he should be tried at Birmingham in the cases for which he was so confined. While these were evidently the purposes of the sections, they failed to fully carry them out in a case or contingency now before us, which was probably never contemplated, and not in the mind of the author of the law at the time he drafted the sections, and that is, a case where a defendant is arrested on one charge and gives bond, but before his trial at Bessemer on that charge, is arrested on another charge and placed in jail at Birmingham to await trial there on the latter charge, and before trial at the latter place on that charge, and while he is still in jail there, the first case, the one in which he has given bond, comes on for trial at Bessemer. To be consistent with the evident

design of the statute, as we understand it, the law should have provided that the case at Bessemer be transferred to Birmingham, where both cases should be tried, and thereby save the sheriff the trouble and expense of transporting the prisoner to Bessemer. But so the letter of the law does not read, and under its terms one case is to be tried at Bessemer and the other at Birmingham. These sections provide as follows:

"Sec. 25. That in all cases hereafter where a party is arrested either on a warrant, indictment, capias or other process issued on an indictment, for an offense arising or committed by him in said district [the precincts referred to], his case shall be triable in said city court of Bessemer or in the circuit or criminal court of Jefferson county, and if said warrant or capias or other process is returnable to the criminal court of Jefferson county, and the defendant makes bond for his appearance, his case shall be removed to said city court of Bessemer and the papers shall thereupon become returnable to said city court of Bessemer and the case triable there.

"Sec. 26. That in all cases hereafter where the defendant fails or refuses at the time of his arrest to make bond for his appearance at the then present or next term of said city court, whether arrested on warrant, indictment, capias or other process, or is committed to jail by the examining magistrate in default of bond, or *when surrendered by his bondsmen,* for an offense committed in said district, whether felony or misdemeanor, the officer making the arrest or receiving such person shall confine him in the county jail at Birmingham, and make return of the process to the clerk of the criminal court at Birmingham, and the case shall stand for trial in the said criminal court, and in such cases where the case is pending in such city court or the process issued

therefrom, or is returnable thereto, the clerk of said last-named court shall transmit all papers pertaining to said case to the clerk of said criminal court; provided, however, that if any person, who is confined in said jail for an offense committed in said district * * * shall make a good and sufficient bond for his appearance at said city court to answer the charge preferred against him, * * * the case shall thereupon stand removed to the said city court, and it shall be the duty of the clerk of said criminal court at Birmingham to transmit all the papers in his office pertaining to said cause * * * and note the removal on his docket; * * * provided, further, that the same cause against the same defendant shall not be transferred from the criminal court of Birmingham to said city court more than once."

Though each of these courts should always make this transfer when and under conditions as required by the statute, yet, if either court should fail to do so, and mistakenly proceed and itself try a case which should have been transferred, we are not of opinion, as here insisted, that its judgment would be void.—*Ex parte Rice,* 102 Ala. 671, 15 South. 450; *State v. Fuller,* 147 Ala. 169, 41 South. 990. At most it would be only voidable on direct attack, and only at the instance of a defendant who had properly raised the question in the lower court as to its jurisdiction of his person; the court, as shown, clearly having jurisdiction of the subject-matter.—Authorities supra. Neither consent nor a failure to object, it is true, can confer jurisdiction of the subject-matter, it being derived alone from the law; but, where jurisdiction of the subject-matter is conferred by law, jurisdiction of the person can be acquired by consent.—Authorities supra. It is settled law that a general appearance confers jurisdiction of the person; and, if a defendant would object to jurisdiction over his

person, generally he should do so by a plea to the juris-diction, especially where it is necessary to plead any matter of fact on which his objection is founded.—12 Ency. Pl. & Pr. p. 181 et seq., and notes; *Henderson v. State,* 109 Ala. 41, 19 South. 733. This is so because by this method his objection is then presented in such form that an issue can be intelligently made by the op-posing party, either of law by filing a demurrer to the plea, or of fact by denying the truth of the matters al-leged in the plea.

Here it appears that the defendant at the time his case was called for trial in the city court of Bessemer, where the case was pending, was under bond to appear at such court to answer the charge for which he was ac-tually tried, but it further appeared, as said, that after giving the bond and before the case was called for trial in the Bessemer court, he had been arrected on another charge and placed in jail at Birmingham, from whence he was brought by the sheriff down to Bessemer to an-swer the court there on the charge for which he had given the said bond. When this case was there called for trial, on November 11th, his counsel stated to the court that the defendant was in confinement and the facts thereof, as recited, and that he had not prepared for trial for the reason that he had expected the case, under the circumstances, to be transferred to the Bir-mingham criminal court and there tried, where the other case against him would have to be tried. The judge an-nounced that the prisoner would be tried at Bessemer as to the charge for which he had given bond, in which position the court was correct, as shown. The judge stated, however, that he would allow defendant until the next day to get ready for trial. The next day, November 12th, when the case was called, another ques-tion was sought to be raised. Defendant's counsel then

stated and showed to the court that, after the case was
called for trial on the day before, and after the an-
nouncement then made by the court that defendant
would be allowed until the next day to get ready for
trial, defendant had been surrendered by his bondsmen
on the said bond, and was now in the custody of the sher-
iff; upon this ground, before announcing ready for
trial, defendant objected to being put upon trial, and
moved that his case be transferred to the criminal court
of Birmingham, which latter court, it is insisted, under
the terms of section 26, hereinbefore set out, of the stat-
ute, has sole authority to try cases where defendants
have been surrendered by their bondsmen and are in
jail.    The court overruled the objection, declined to
transfer the case, and put defendant to trial.

  Assuming that the question was properly raised in
the court below, though, for reasons hereinbefore ad-
verted to, it appears that it was not, still the action of
the lower court may be sustained on another ground. As
a general rule the jurisdiction of a court depends upon
the state of affairs existing at the time it is invoked,
and if the jurisdiction once attaches to the person and
subject-matter of the litigation, the subsequent happen-
ing of events, though they are of such a character as
would have prevented jurisdiction from attaching in the
first instance, will not operate to oust jurisdiction al-
ready attached.—12 Ency. Pl. & Pr. p. 171, and notes.
This rule is, of course, to some extent also modified by
section 26 of the act cited, in that it provides, as seen,
for the transfer to the criminal court of Birmingham
from the city court of Bessemer of a case pending in the
latter court, and to which its jurisdiction has attached,
if subsequently the defendant in the case, who is on
bond, should be surrendered by his bondsmen and plac-
ed in jail; but we do not suppose that any one would

seriously contend that such statutory provision would or was intended to so operate as to require such transfer if the defendant were only so surrendered after the trial had been actually entered upon in the city court of Bessemer. The same reasoning, we think, which denies the application of the statute and saves the necessity of a transfer in such a case ought to and does deny its application and save the necessity of a transfer in the case, where, as here, defendant is surrendered by his bondsmen only after the case is called for trial.

The calling of the case for trial is the first step in the trial, and was in a sense an arraignment of the defendant, which is defined to be "the calling of a person to the bar of the court to answer the matter charged against him."—*State v. Brock,* 61 S. C. 141, 39 S. E. 359; *State v. Weber,* 22 Mo. 321; *Fitzpatrick v. People,* 98 Ill. 259; *State v. Jackson,* 82 N. C. 568. The case was passed to the next day to allow him an opportunity to prepare to support his plea of not guilty—impliedly made when the case was called for trial—implied from his failure then to plead guilty and the insistence then of his counsel that he was not ready for trial. We do not think that his surrender after this, and before the trial was actually entered upon the next day, could defeat the jurisdiction of the court.

Nor did the court commit any error in sustaining an objection to the question propounded by defendant to state's witness Arthur Mallory, inquiring if Mr. Percy had not talked to him about the case. The witness had just before stated that he did not know Mr. Percy, and that neither he nor anybody else had been talking to him about the case.

It was entirely immaterial under the facts and issues of this case as to who was the witness' boss; and the

court did no err in sustaining an objection to a question of defendant's counsel seeking to elicit such fact.

Neither did the court err in refusing the affirmative charge requested by defendant (see *Jim Robinson v. State,* 4 Ala. App. 1, 58 South. 121) or in refusing charge 21, as it was objectionable, if for no other reason, because argumentative.

We have discussed the only errors urged in brief. We find none in the record, and the judgment of conviction is affirmed.

Affirmed.