# Gustin *v.* The State.

### *Violating Prohibition Law.*

(Decided May 12, 1914.    Rehearing denied June 3, 1914.
65 South. 302.)

1. *Criminal Law; Former Jeopardy; Jurisdiction of Municipal Court.*—Section 1222, Code 1907, is without application where the prosecution in the state court was pending and undetermined when the prosecution in the municipal court was instituted; the pendency of the prosecution in the state court based upon the same act was pleadable in abatement of a prosecution in the municipal court for a violation of the ordinance.

2. *Same; Plea; Sufficiency.*—Where the prosecution was for violating the prohibition law, a plea, alleging that defendant was charged by the city with selling, keeping for sale, offering for sale, or otherwise disposing of intoxicating liquors, contrary to law, that defendant was tried before the mayor of the city for such offense, and adjudged not guilty, that evidence was offered touching defendant's guilt covering the period of twelve months next preceding the day on which defendant was charged with the commission of the alleged offense, and that the offense charged in the pending prosecution took place, if at all, within the period of time involved in the charge before the mayor, did not sufficiently show that the act for which defendant was acquitted in the mayor's court, was the same act for which he was being prosecuted in the city court.

3. *Evidence; Documents; Certified Copy.*—A certified copy of the United States internal revenue license purporting to have been issued to defendant was properly admitted in a prosecution for violating the prohibition law.

4. *Intoxicating Liquors; Jury Question.*—Whether or not a United States internal revenue license purporting to have been issued

to the defendant was taken out by him, or by some unauthorized person in his name, was under the evidence in this case, a question for the jury, as was the question of defendant's guilt or innocence.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

J. Y. Gustin was convicted of violating the prohibition law, and he appeals. Affirmed.

The following is the plea of former jeopardy:

Defendant says that this cause should not be had and further maintained against him because on, to wit, August 1, 1913, defendant was charged by the city of Decatur, Morgan county, Ala., with selling, keeping for sale, offering for sale, or otherwise disposing of spirituous, vinous, or malt liquors, contrary to law, and on or about said day tried before the mayor of said city for said alleged offense, and was by said court ordered and adjudged not guilty, and was discharged; that on the trial of said cause evidence was sought and offered touching defendant's guilt vel non of the offense charged covering the period of time of 12 months next preceding the day on which defendant was charged with the commission of the alleged offense; that the offense charged in this cause took place, if at all, within the period of time involved in the said charge and inquiry before the mayor of Decatur as aforesaid.

The demurrers were that it failed to show that this cause and the cause tried in the mayor's court constitute one and the same offense, and it is not alleged that the cause in the mayor's court was had before this court acquired jurisdiction, but, on the contrary, shows on its face that the case in the mayor's court was instituted after this court acquired jurisdiction.

The following charges were refused to defendant:

The affirmative charge.

[Gustin v. The State.]

(7) The jury cannot go outside the evidence offered in this case to find a reason or foundation for conviction; but you are confined to the evidence, and that alone, for a foundation of your verdict.

(8) I charge you that the establishment of a prima facie case merely does not take the presumption of defendant's innocence, but leaves that presumption to operate in connection with, or in aid of, any proof, offered by him to rebut or impair such prima facie case. A circumstance aided by that presumption may so far rebut or impair such prima facie case as to render a conviction under it improper.

WERT & LYNNE, for appellant. The plea was sufficient, and the pendency of one criminal action is no bar or ground of abatement to another criminal charge for the same cause. It is only a conviction or acquittal that is pleadable in bar.—1 Enc. Proc. 999; 3 Cush. 279; 1 Doug. 239; 2 Ld. Raym. 920; Crown Cases 134. The plea was sufficient in allegation.—*Armstead v. State,* 92 Ala. 64; 81 S. W. 234. From these authorities it appears that defendant was entitled to a verdict of acquittal because of his acquittal in the mayor's court for the same offense for which he was then being tried. The court was in error in admitting the certified copy of the United States internal revenue law. —3 Fed. St. Ann. 683. The fact that paper bags were found under the bath tub was without logical or legitimate connection with the offense charged, or the other evidence introduced.—Best on Evid. sec. 90; 92 U. S. 28.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The jurisdiction of the state courts had already attached before

the prosecution was begun in the mayor's court, and the trial in the mayor's court did not have the effect to oust it.—*Harmon v. The State,* 8 Ala. App. 317. A plea is otherwise defective.—*Foster v. State,* 39 Ala. 229. There was no error in admitting a certified copy of the United States revenue law.—*Woodward v. State,* 5 Ala. App. 205.

THOMAS, J.—The demurrers filed by the state to defendant's plea of former jeopardy were properly sustained. The plea was defective on two grounds pointed out by the demurrer. In the first place, it appears that the prosecution before the recorder of the city of New Decatur, which is set up in the plea as a bar to the present prosecution, was not commenced until after the present prosecution, and while it was still pending and undertermined. Section 1222 of the Code, providing in effect that a conviction or acquittal of a violation of a municipal ordinance shall bar a prosecution in the state court for a misdemeanor based on the same act, has no application to a case where, as here, the state court first acquires jurisdiction of the offense. The general rule, which is in no wise modified by the statute cited, is that the jurisdiction of a court depends upon the state of affairs existing at the time it is invoked, and, if the jurisdiction once attaches to the person and subject-matter of the litigation, the subsequent happening of events, though they are of such a character as would have prevented jurisdiction from attaching in the first instance, will not operate to oust jurisdiction already attached.—*Harmon v. State,* 8 Ala. App. 317, 62 South. 438. If the act for which defendant is here prosecuted is the same act for which he was tried in said municipal court, his remedy was to plead to the jurisdiction there the pendency of the prosecution

here, and, failing to do so, he cannot set up in bar of the prosecution here the proceedings there, and this is because the court here first acquired jurisdiction.— Code, § 1222.

In the next place, even if the prosecution before the recorder had been commenced before the present one, the plea is still defective, in that, from its averments, it nowhere appears that the act constituting the offense for which defendant is now prosecuted was the same act as that for which he was prosecuted and acquitted before the recorder. A plea of former jeopardy, to be legally sufficient, must aver, among other things, the identity of the offense charged in the first proceeding with that charged in the last.—*Henry v. State,* 33 Ala. 389; *Foster v. State,* 39 Ala. 229; *Gordon v. State,* 71 Ala. 315. We find nothing in the case of *Olmstead v. State,* 92 Ala. 64, 9 South. 737, cited us by appellant's counsel, that changes or can be construed as intended to change this rule of pleading. This case merely discusses what evidence would sustain such a plea, where the evidence on the former trial was so general in its nature as not to identify and single out any particular sale.

Under previous adjudications of this court, there is no merit in the objection by defendant to the introduction in evidence by the state of the certified copy of the United States internal revenue license purporting to have been issued to him as proprietor of the Vine St. Grocery Company. The points here raised with respect thereto were fully discussed and decided by this court adversely to the contention of appellant in the case of *Woodward v. State,* 5 Ala. App. 205, 206, 59 South. 688.

The defendant contends that he never took out such a license, nor authorized any one else to do so for him, and was never in possession of or knew anything about

the original.  If this be true, then the license was of
no probative force whatever against him.  Whether it
was true or not was for the jury to say, and, while the
recitals of the certified copy naming him as the person
to whom the original was issued are presumptively cor-
rect, yet they are not conclusively so.  It is entirely pos-
sible, consistent with the facts here that some one else
could have impersonated the defendant, or professed,
without authority, to act for him, and have taken out
in his name, and without his knowledge, consent, direc-
tion, or ratification, the original license, the certified
copy of which was introduced by the state.  The cer-
tified copy was merely prima facie evidence that de-
fendant did take out the original, and this is so upon
the theory that an officer is presumed to do his duty,
and in this instance that the internal revenue collector,
as was his duty, issued the original in the name of and
delivered it to the person who applied for it, and who
was named in it, or to his agent.  This presumption
could be overcome by proof to the contrary; but it was
a question for the jury as to whether or not the evi-
dence to this end was sufficient to do so.  The fact that
defendant introduced in evidence the original  of  a
United States revenue license issued to his brother,
as proprietor of the Vine St. Grocery Company—not
only different, as observed, as to the person to whom it
was issued, but different in date and amount, from the
certified copy of the one introduced by the state—fur-
nished no ground for requiring the court to exclude
and rule out of evidence the certified copy of the one
introduced by the state.  It could well be that both de-
fendant and his brother took out a license, and the
fact that his brother did is not conclusive that the de-
fendant did not.  Hence the certified copy of the one
introduced by the state was properly left in evidence,

[Gustin v. The State.]

and, if the jury believed that the defendant took it out either through himself or through agent, it would be competent evidence against him.—Fuller Bill, Acts, p. 84, § 22½.

In addition to this evidence, the state proved that the defendant's residence is just a few feet from his store; that, in pursuance of the power contained in a search warrant, defendant's store and residence were both searched; that no prohibited liquors were found in his store, but that in the bathroom of his residence there were found in the bathtub thereof, packed in ice, 98 bottles of beer, and that under the bathtub was found a quantity of eight-pound paper bags. The defendant, as a witness for himself, testified that he had the beer there for his wife, who was then a nursing mother; that the doctors advised that he keep beer for her; and that, as he was compelled to order it from a distance, he for convenience bought it by the cask, which contained 98 bottles.

We can readily understand why, as a matter of convenience, he would order it by the cask so as to have it on hand as needed by her; but we cannot understand why either her wants or his conveniences in serving them would demand putting the whole cask on ice at one time, thereby resulting in a deprivation of the use of the bathtub for other purposes until the beer was consumed. Did not the defendant, as often happens, injure his cause by his own evidence? We are of opinion that the whole evidence was sufficient to authorize the court in submitting the case to the jury, and that there was no error in refusing the affirmative charge.

Nor did the court err in refusing the other written charge requested by defendant, since the charge is fully covered by given charge No. 6.

We find no error in the record, and the judgment is affirmed.

Affirmed.


### *Violating Prohibition Law.*

