# Perry v. The State.

### Violating Prohibition Law.

(Decided June 14, 1914.   65 South. 683.)

1. *Evidence; Circumstantial; Weight and Sufficiency.*—To justify a conviction on circumstantial evidence the circumstances must not only be consistent with the hypothesis of guilt, but inconsistent with innocence.

2. *Same.*—Circumstantial evidence which merely raises a suspicion of guilt is not sufficient to overcome the prima facie presumption of innocence, and hence, is not sufficient to carry a case to the jury.

3. *Intoxicating Liquors; Evidence; Sufficiency.*—The evidence examined and held not sufficient to carry to the jury the question whether defendant was guilty of selling, offering for sale, or otherwise disposing of prohibited liquors.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Ed. Perry was convicted of selling, offering for sale or keeping for sale prohibited liquors, and he appeals. Affirmed.

C. S. McDOWELL, JR., for appellant.   The defendant was entitled to the affirmative charge under the evidence.—*Oldacre v. State*, 5 Ala. App. 167; *Starkes v. State*, 64 South. 158; *Jones v. State*, 90 Ala. 630; *Jeffries v. State*, 62 South. 270.

[Perry v. The State.]

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

THOMAS, J.—The defendant, who was charged with *"selling, offering for sale, keeping for sale, or otherwise disposing of* spirituous, vinous, or malt liquors," requested, at the conclusion of the evidence for the state the general affirmative charge in writing, which was refused. This evidence consisted solely of the testimony of two witnesses, one of whom swore only that he was the express agent, and delivered to the defendant, within the county and time alleged, a box weighing 72 pounds, labeled "whisky," that had come to the office by express, addressed to the defendant as consignee, and that witness saw the defendant the next day after delivering him the box, and he appeared to be "drinking" some; while the other witness swore only that the defendant was, at the time the mentioned box was said to have been delivered to him, in witness' employ as a cotton picker, "picking cotton by the hundred," and that during all the portion of the year previous to cotton-picking time he was in the employ of witness at $20 per month, and that defendant was a man of good character. For circumstantial evidence to be sufficient to justify a jury in convicting upon it, the circumstances proved must not only be consistent with the hypothesis that the accused is guilty, but inconsistent with the hypothesis that he is innocent, and inconsistent with every other rational hypothesis except that of his guilt.—12 Cyc. 488; 1 Mayf. Dig. 186; *Bryant v. State,* 116 Ala. 445, 23 South. 40; *Howard v. State,* 108 Ala. 571, 18 South. 813; *Ex parte Acree,* 63 Ala. 234. For circumstantial evidence to be sufficient to justify the court in submitting the case to the jury, it must be of such a

character as to overcome, prima facie, the presumption of innocence.

"If it raises a mere suspicion, or, admitting all it tends to prove, defendant's guilt is left in uncertainty or dependent upon conjecture or probabilities, the court should instruct the jury to acquit.—*Jones v. State,* 90 Ala. 630, 8 South. 383, 24 Am. St. Rep. 850.

The defendant had a right to order and receive liqurs for his personal use, and the quantity contained in the 72-pound box was not shown to have been so disproportionate to his honest means for purchasing, or to a normal capacity for consuming within a reasonable time, as to furnish an inference that the liquor was purchased for illegal disposition. It does not appear that defendant, either recently before or recently afterwards, ordered and received other liquors, but only that he received this one package, which fact is entirely consistent with a purpose on his part to serve his conveniences by ordering in one order enough to supply his wants for several weeks or months, and thereby save the necessity for frequent orders.

We are of opinion that the facts proved by the state are not sufficient to overcome prima facie the presumption of the defendant's innocence, and that the affirmative charge should have been given as requested.—*Jones v. State, supra; Starkes v. State,* 64 South. 158; *Oldacre v. State,* 5 Ala. App. 187, 59 South. 715; *Jeffries v. State,* 7 Ala. App. 144, 62 South. 270. It follows that the judgment of conviction must be reversed, and the cause remanded.

Reversed and remanded.