# Merriweather v. City of Tuscaloosa.

## Violating Municipal Ordinance.

(Decided May 13, 1915.  Rehearing denied June 15, 1915.
69 South. 258.)

1. *Intoxicating Liquors; Jury Question.*—Under the evidence in this case it was a question for the jury whether defendant kept a supply of liquor, found on her premises, for illegal purposes.

2. *Same.*—The fact that defendant acknowledged to the searching officers that she had liquor in her house, and told them where it was, was not conclusive of her innocent purpose in having it in her house.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Lula Merriwether was convicted of violating an ordinance of the city of Tuscaloosa, prohibiting the keeping for sale or selling intoxicating liquors, and she appeals. Affirmed.

(The judgment in this case was reviewed by the Supreme Court on writ of certiorari to the Court of Appeals, and the writ was denied. See 193 Ala. 678, 69 South. 1019.—Reporter.)

CLARKSON & MORRISETTE, for appellant.

BROWN & WARD, for appellee.

THOMAS, J.—The defendant was tried and convicted for violation of a municipal ordinance, prohibiting the sale or keeping for sale, or other unlawful disposi-

tion, of spirituous, vinous, or malt liquors. She introduced no evidence, but at the conclusion of the evidence for the city moved to exclude it, and, upon the overruling of such motion, requested the general affirmative charge, which was refused. The rulings of the court in these particulars are the only errors insisted upon in brief.

(1) The evidence for the city tended to show without dispute the following facts: That upon the search of the defendant's house by the officers of the city there was found therein 6 half pints of Shaw's malt whisky, 8 half pints of Paul Jones whisky, and 1 half pint of Victoria whisky, making in all 15 half pints of prohibited liquors; that on the same lot with her home, and inclosed within the same fence that inclosed her home, there was a separate building, in which the defendant conducted and carried on what is described in the bill of exceptions as "a negro dance hall and restaurant," and which was only six feet from her home, each having a back, as well as a front, door; that at about the time defendant's home was searched, and during the month next preceding, there had been seen 200 or 300 freshly emptied whisky bottles lying around the premises—defendant's home, dance hall, and restaurant—bearing labels indicating the contents of the bottles to have been the same brand and variety of whisky as was found in defendant's house; that numerous "negroes," as the bill of exceptions recites, had been seen on numerous occasions to enter defendant's dance hall or restaurant sober and to come out subsequently drunk. It was further shown, without objection, that on one occasion the defendant had pleaded guilty to selling whisky at this dance hall and restaurant. We are of opinion that the evidence, though circumstantial, was sufficient

to overcome prima facie the presumption of innocence, and therefore (*Perry v. State,* 11 Ala. App. 195, 65 South. 683) to require its submission to the jury, who might reasonably infer from it that the defendant had transferred her base of supply from the dance hall and restaurant, where if liquors were found in her possession the presumption would be that they were kept for unlawful purposes, to her home, where, if found, no such presumption would obtain, and where it was nearly as convenient to keep such liquors for sale to those patronizing the dance hall and restaurant as at such place itself. The circumstances under which defendant was keeping the liquors in her home were such as to afford an inference that she was keeping them for unlawful purposes, and the court therefore did not err in overruling the defendant's motion to exclude the evidence offered by the city, or in refusing the affirmative charge requested by defendant.—*Perry v. State,* 11 Ala. App. 195, 65 South. 683; *Lee v. State,* 10 Ala. App. 191, 64 South. 637; *Gustin v. State,* 10 Ala. App. 177, 65 South. 302; *Carmichael v. State,* 11 Ala. App. 209, 65 South. 694; *Salley v. State,* 9 Ala. App. 82, 64 South. 185; *Lane v. City of Tuscaloosa,* 12 Ala. App. 604, 67 South. 779; *Allison v. State,* 1 Ala. App. 206, 55 South. 453.

(2) The defendant's boldness in acknowledging to the searching officers that she had some liquor in her house, and in telling them where it was, was not, by any means, conclusive of her innocence.—*Talbert v. State,* 121 Ala. 33, 25 South. 690.

It follows that the judgment of conviction must be, and is, affirmed.

Affirmed.