# Lackner *v.* The State.

### Vagrancy.

(Decided June 30, 1916. Rehearing denied August 1, 1916. 72 South. 506.)

1. **Vagrancy; Evidence.**—The evidence examined and held not sufficient to sustain a conviction for vagrancy or keeping a disorderly house.

2. **Same.**—A conviction for vagrancy for keeping a disorderly house cannot be supported by evidence which leaves the defendant's guilt to conjecture, and does not exclude every reasonable hypothesis except that of guilt.

3. **Same.**—Where the prosecution was for vagrancy for keeping a disorderly house, declarations made by defendant about a year before the alleged offense that respectable people would not associate with her, and that she was ruined, were too remote in point of time to be admissible in evidence for any other purpose except perhaps to show the bad character of defendant.

4. **Same.**—In the absence of evidence to support the charge against defendant, evidence tending to show the bad character of defendant was not proper.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Kate Lackner was convicted for vagrancy for keeping a disorderly house, and she appeals. Reversed and remanded.

TENNIS TIDWELL, and O. KYLE, for appellant. W. L. MARTIN, Attorney General, and MELVIN HUTSON, for the State.

PELHAM, P. J.—The defendant was tried on an indictment in which she was charged with being a vagrant. On the trial, at the conclusion of the introduction of the evidence, the state elected (on defendant's motion granted by the court requiring an election) to ask for a conviction under subdivision 10 of section 7843 of the Code, which is as follows: "Any person who is the keeper, proprietor, or employee of a house of prostitution," is a vagrant.

The general charge requested in writing by the defendant on the theory that there was not sufficient evidence to carry to the jury the question of the defendant's guilt of the crime charged was refused by the court, and one of the principal insistences of counsel in brief here is that the court was in error in the refusal of this charge.

(1, 2) The evidence, set out in the bill of exceptions contained in the record showing the facts and circumstances relied upon for a conviction, does not, upon a careful reading, seem to us sufficient to justify a conviction. There were no facts or circumstances from which might fairly be deduced the conclusion that the house in question was in fact being used for illegal or immoral purposes, or was resorted to by persons for the purpose of prostitution, and no evidence showing the character of the inmates of the house, or that they conducted themselves in a lewd or disorderly manner, or used unchaste or obscene language or profanity. The evidence might very fairly and justly be said to offer a surmise and raise a suspicion of the defendant's guilt; but this is not enough. If, as here, the defendant's guilt of the crime is left in uncertainty, or dependent upon conjecture or probabilities, the court should, upon proper request, instruct the jury to acquit.—*Jones v. State,* 90 Ala. 628, 8 South. 383, 24 Am. St. Rep. 850. As said by the court in this case (90 Ala. 630, 8 South. 384, 24 Am. St. Rep. 850): "The evidence should be of such character as to overcome, prima facie, the presumption of innocence."

For the circumstantial evidence to be sufficient to justify a jury in rendering a verdict of conviction based upon it, the circumstances proved must not only be consistent with the hypothesis that the defendant is guilty of the crime charged against him, but inconsistent with the hypothesis that he is innocent, and inconsistent with every other rational hypothesis except that of guilt.—*Perry v. State,* 11 Ala. App. 195, 196, 65 South. 683,

[Diamond v. The State.]

and authorities there cited. We are of the opinion that the facts proved by the state as set out in the record cannot fairly be said to be inconsistent with the defendant's innocence, or sufficient to overcome, prima facie, the presumption of innocence. As there was an absence of evidence to authorize a conviction, the affirmative charge should have been given as requested.

(3) As the case must be reversed for the reasons set out, we call attention to the declaration of the defendant that the court permitted one of the state's witnesses to testify to against the objection of the defendant, to the effect that she had admitted to him, about a year before the time when the defendant was charged with having committed the offense for which she was being tried, that a person named by her had been the cause of her downfall, and that respectable persons refused to associate with her. No criminating fact or circumstances had been proven against the defendant authorizing a conviction, and the declaration was too remote in point of time to make it admissible in evidence for any other purpose than possibly to show the bad character of the defendant which was not properly before the court unaccompanied by other evidence in support of the charge against her.—*Sparks v. State*, 59 Ala. 82; *Toney v. State*, 60 Ala. 97.

Reversed and remanded.