(85 South. 835)

SPELCE v. STATE. (8 Div. 681.)

(Court of Appeals of Alabama. April 6, 1920.)

1. INTOXICATING LIQUORS ⬥198—SOLICITOR PROPERLY PERMITTED TO AMEND AFFIDAVIT WHERE REVERIFIED.

Where original affidavit charged that defendant "had in his possession or stored or kept for sale spirituous, vinous or malt liquors contrary to law," the court properly permitted the solicitor to amend its affidavit so as to charge that the defendant "after January 25, 1919, had in his possession, etc."; the amended affidavit being reverified by the original party making it, before the original officer before whom the affidavit was made.

2. CRIMINAL LAW ⬥560 — STATE MUST ESTABLISH MATERIAL INGREDIENTS BEYOND REASONABLE DOUBT.

To sustain a conviction for a crime, the state must establish every material ingredient of the offense beyond a reasonable doubt, and facts and circumstances that are only suspicious are not sufficient.

3. INTOXICATING LIQUORS ⬥236(6½)—EVIDENCE HELD INSUFFICIENT TO SHOW UNLAWFUL POSSESSION.

In a prosecution for unlawfully having possession of prohibited liquors contrary to law after January 25, 1919, under Acts 1919, p. 6, evidence *held* insufficient to support a conviction.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Edd Spelce was tried and convicted on a charge of having possession of prohibited liquors contrary to law after January 25, 1919, and from the judgment he appeals. Reversed and remanded.

Douglass Taylor and R. E. Smith, both of Huntsville, for appellant.

Under the evidence, the defendant was entitled to the affirmative charge, and the court erred in not granting his motion for a new trial. 16 Ala. App. 152, 75 South. 828: 16 Ala. App. 151, 75 South. 827; 81 South. 366; 65 South. 683; 90 Ala. 630, 8 South. 383, 24 Am. St. Rep. 850.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

SAMFORD, J. [1] The original affidavit charged that defendant "had in his possession or stored, or kept for sale, spirituous, vinous or malt liquors contrary to law." On the trial, over the objection and exception of the defendant, the solicitor was permitted to amend the affidavit so as to charge that the defendant, "after January 25, 1919, had in his possession spirituous, vinous or malt liquors contrary to law," the amended affidavit being reverified by the original party making it, before the original officer before whom the affidavit was made. The court did not err in this ruling. 4 Ency. Dig. Ala. Repts. p. 89, § 119.

Stated in the most favorable light to the state, the evidence in this record shows:

The wife of this defendant was the owner of a residence in Huntsville, Ala., where she and her husband resided. On the 10th of March, 1919, a police officer of the city of Huntsville, without a warrant, went into the house, in the absence of the defendant, the wife and her maid being in the house attending their household duties, and found a small wooden keg in the hall between the kitchen and the other part of the house; this keg containing about a quart of something which, to the policeman, smelled like whisky. The contents were never examined other than by the smell. Neither the keg nor the contents were offered in evidence. The wife and maid both denied that the keg contained whisky, but said it was a water keg. The only connection shown between the keg and defendant was that he was the husband of the woman who owned the dwelling. On this evidence, and in spite of the denials of the defendant and his witnesses as to the guilt of defendant, the defendant was fined $250 and sentenced to six months at hard labor.

[2, 3] This prosecution is predicated upon section 2 of the act of the Legislature ap-

proved January 25, 1919 (Acts 1919, p. 6), which prohibits the possession of certain liquors in any quantity, and makes such possession a criminal offense. It is elementary law, that, to sustain a conviction for crime, the state must establish every material ingredient of the offense by evidence beyond a reasonable doubt. Facts and circumstances that are only suspicious of guilt will not suffice. Perry v. State, 11 Ala. App. 195, 65 South. 683; Jones v. State, 90 Ala. 630, 8 South. 383, 24 Am. St. Rep. 850. The evidence in this case does not rise to that dignity and weight that will support a conviction for crime. Fair v. State, 16 Ala. App. 152, 75 South. 828; Oldacre v. State, 16 Ala. App. 151, 75 South. 827; Brown v. State, ante, p. 30, 81 South. 366.

The defendant's motion for a new trial should have been granted. For the error of the court in failing to grant the motion for a new trial, the judgment is reversed, and the cause is remanded.

Reversed and remanded.