(92 South. 910)

## MORRIS v. STATE. (8 Div. 933.)

(Court of Appeals of Alabama. April 11, 1922.)

Intoxicating liquors ⬳238(1)—Where no evidence connected defendant with manufacture, affirmative charge should have been given.

In a prosecution for the manufacture of liquors prohibited, where there was no direct evidence from which inference could be drawn that defendant had manufactured liquor subsequent to January 25, 1919, the affirmative charge should have been given.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Tom Morris was convicted of violating the prohibition law, and he appealed. Reversed and remanded.

John A. Lusk & Son, of Guntersville, for appellant.

The evidence was insufficient to sustain a conviction and the court should have directed a verdict for the defendant. Ante, p. 217, 90 South. 16; ante, p. 116, 90 South. 135; 89 South. 306; 17 Ala. App. 493, 85 South. 867.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was convicted under an indictment which charged him with manufacturing prohibited liquors since January 25, 1919. There is no direct testimony in this case, nor circumstances, from which the inference could be drawn that the defendant manufactured liquor subsequent to January 25, 1919, and on this account the affirmative charge, as requested by the defendant, should have been given. Wadsworth v. State, ante, p. 352, 92 South. 245.

On this account the judgment of the circuit court must be reversed.

Reversed and remanded.