### GAY v. STATE. (6 Div. 48.)

(Court of Appeals of Alabama. May 15, 1923.)

1. **Criminal law ⬥753(2)—Where no evidence connected defendant with manufacture, affirmative charge should have been given.**

In a prosecution for manufacture of prohibited liquors, where there was no evidence to connect defendant therewith, the affirmative charge should have been given.

2. **Criminal law ⬥561(1)—Evidence must exclude every other hypothesis, except that of defendant's guilt.**

A conviction cannot be permitted to stand, unless the evidence to a moral certainty excludes every other reasonable hypothesis than that of guilt of defendant.

3. **Criminal law ⬥562—Evidence raising merely a suspicion or conjecture of guilt insufficient.**

Evidence raising merely a suspicion, surmise, or conjecture of the guilt of a defendant is not sufficient on which to predicate a verdict of guilt.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Bird Gay was convicted of a violation of the prohibition law, and he appeals. Reversed and remanded.

W. E. James and A. A. Griffith, both of Cullman, for appellant.

Defendant was due the general affirmative charge. Spelce v. State, 17 Ala. App. 401, 85 South. 835; Morris v. State, 18 Ala. App. 435, 92 South. 910; Hammons v. State, 18 Ala. App. 470, 92 South. 914; Clark v. State, 18 Ala. App. 217, 90 South. 16.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was conflict in the evidence, and the issue was for the determination of the jury. Jones v. State, 18 Ala. App. 626, 93 South. 332; White v. State, 18 Ala. App. 275, 91 South. 888; Patterson v. State, 18 Ala. App. 507, 93 South. 691.

BRICKEN, P. J. [1] From a reading of the testimony in this case there can be no doubt that some one was unlawfully engaged in making, manufacturing, or distilling prohibited liquors, in the vicinity where defendant lived, but there is absolutely no evidence to connect this defendant therewith. He was entitled to the affirmative charge. Spelce v. State, 17 Ala. App. 401, 85 South. 835; Morris v. State, 18 Ala. App. 435, 92 South. 910; Clark v. State, 18 Ala. App. 217, 90 South. 16; Hammons v. State, 18 Ala. App. 470, 92 South. 914.

[2] Reference to the cases cited supra discloses in each instance stronger facts for the state than in the instant case. Here such incriminating facts as were shown could have been applied to the sons of the accused, or to other persons, with as much propriety and reason as to this defendant, and under the oft-announced rule this conviction under the evidence cannot be permitted to stand; the rule being as follows, to wit:

"The humane provision of the law is that there should not be a conviction upon the evidence, unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the acts, then the guilt of the accused is not shown by that full measure of proof which the law requires." Gilmore v. State, 99 Ala. 154, 13 South. 536; Ex parte Acree, 63 Ala. 234.

[3] At the most the facts disclosed by the testimony could raise merely a suspicion, surmise, or conjecture that this defendant was the guilty party, and it is needless to reiterate that this is not sufficient upon which to predicate a verdict or judgment of guilt; nor is it necessary to state that suspicion, surmises, or conjectures, without more, have no place in a trial of an accused, where his life, liberty, or property is involved. Many questions are presented upon this appeal, but as the evidence as a whole,

---

adduced upon this trial, is insufficient upon which to predicate the guilt of the accused, the reversal. of the judgment of conviction appealed from will rest upon the error of the court refusing the general affirmative charge requested in writing by defendant.

Reversed and remanded.